85 449
141 588

85 449
143 361

# Dilburn *v.* Youngblood & Co.

### *Bill in Equity for Specific Performance of Contract.*

1. *Specific performance of contract relating to personalty.*—Ordinarily, a court of equity will not decree the specific performance of a contract in reference to personal property, unless it clearly appears that, on account of the nature of the contract, the character of the subject-matter, or other special causes, a court of law can not afford full and adequate compensation in damages for a breach of the contract; and in this case, the insolvency of the defendants not being alleged, nor any injury shown which can not be fully compensated in damages at law, specific performance was properly refused.

2. *Performance, or offer to perform, as necessary to support bill for specific execution.*—Performance of all material stipulations on the part of the complainant himself, or an offer to perform, or a sufficient excuse for his failure to do so, is necessary to support a decree in his favor for specific performance by the defendant; and when a reasonable time for performance is expressly stipulated, an offer to perform within that time must be shown.

3. *Same; what is reasonable time.*—The complainant having signed a crop-lien note as surety for a freedman, one of his tenants, which was due October 15th, and secured by mortgage on the tenant's crop and other property; and having taken from the mortgagees a written agreement to the effect that, if he paid them (or caused to be paid) a specified sum, "on or before the day specified in said note, or a reasonable time thereafter," they would transfer the note and mortgage to him, with all their rights and remedies for the enforcement thereof; and it appearing that he received, of the tenant's crop, in October and November, more than enough to pay the stipulated sum, which he at once sold; *held*, that a tender made in January follow.,g, after the mortgagees had sued out an attachment against the tenant's crop, and had settled his indebtedness by compromise, was not made within a reasonable time.

4. *Rights of surety, as against principal and creditor.*—A surety on a crop-lien note, which was also secured by mortgage on the tenant's crop and other property, having procured from the mortgagees a promise in writing that they would transfer the note and mortgage to him on his payment of a less sum at the maturity of the note, or within a reasonable time thereafter; if he pays the specified sum as stipulated, can not enforce the mortgage against his principal for a greater amount; and on his failure to pay or tender the amount within a reasonable time as stipulated, he can not complain because the mortgagees afterwards settled in full with the principal debtor.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 24th August, 1885, by H. H. Dilburn, against Youngblood & Co. as a partnership and individually, and against Peter Lee, a freedman;

29

and sought to compel the specific performance of a written agreement, by which said Youngblood & Co. promised to transfer to him a certain crop-lien note given to them by said Peter Lee, and which was also signed by complainant as his surety, together with a mortgage on his crop and other property given by said Peter Lee to secure the payment of the note. The written agreement was signed by Youngblood & Co. only, and was in these words: "This witnesseth, that whereas H. H. Dilburn has this day executed a crop-lien note, as security for Peter Lee, for $275, payable on the 15th October after date, we have agreed, and by these presents do promise, that if said Dilburn pays, or causes to be paid to us, the sum of $165, on or before the time specified in said note, or a reasonable time thereafter, we will transfer said note and mortgage of said Peter Lee to the said H. H. Dilburn, with all rights and remedies we may [have] in law or equity in said note and mortgage. Given this 19th January, 1884." On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

GAMBLE & RICHARDSON, for appellants, cited *Wagner v. Rudulph*, 36 Ala. 698.

W. R. HOUGHTON, *contra*, cited *Frank v. Pickens*, 69 Ala. 369; *Park v. Wiley*, 67 Ala. 310; *Cotton v. Cotton*, 75 Ala. 345; *Powell v. Plank-road Co.*, 24 Ala. 441; *Savery v. Spence*, 13 Ala. 561; *Moses v. Scott*, 84 Ala. 608.

CLOPTON, J.—Appellant makes application by the bill for specific performance of a contract in relation to the transfer of a note and mortgage. Ordinarily, a court of equity will not decree specific performance of a contract in reference to personal property, unless it clearly appears that, on account of the nature of the contract, or the character of the subject-matter, or for other causes, a court of law is incapable of affording full and adequate compensation in damages for a breach of the contract.—*Savery v. Spence*, 13 Ala. 561; *Powell v. Central Plank-road Co.*, 24 Ala. 441. The note to which the contract related, was for the sum of two hundred and seventy-five dollars, and was made by Peter Lee and complainant, as his surety, January 19, 1884, payable October 15th of the same year. As security for the note, Lee executed a mortgage on personal property; and at the same time

defendants gave complainant an instrument in writing, by which, in consideration of his becoming surety for Lee, they promised, if complainant paid, or caused to be paid, the sum of one hundred and sixty-five dollars, on the day of the maturity of. the note, or within a reasonable time thereafter, to transfer the note and mortgage to him, with all rights and remedies they might have in law or equity. The bill does not allege the insolvency of defendants, nor show any injury which can not be fully compensated in damages in a suit at law for a breach of the contract.

Performance, or an offer to perform, or a sufficient excuse for failure, of all material acts required by the contract of the party complaining, is essential to obtaining a decree for specific performance by the other party. It appears from the evidence that Lee turned over to complainant several bales of cotton, with which to pay the note. This cotton he sold in October and November, 1884, the proceeds of the sale amounting to more than the sum agreed to be paid defendants for the transfer of the note. He did not pay, nor offer to pay defendants, until after they had sued out, in January thereafter, a writ of attachment against Lee, and caused it to be levied on his personal property. Complainant, after the attachment was levied, said to defendants, that he wanted to pay the amount; to which they replied, they were willing to receive it, if he would pay the costs of the attachment proceedings, which had been necessitated by his failure to pay previously. This, complainant refused to do. Afterwards, about March, 1885, defendants took and accepted from Lee, in satisfaction of the note and mortgage, the personal property levied on, at an agreed valuation, which is shown not to exceed a fair value of the property. After this settlement was made, complainant tendered to defendants one hundred and seventy-one dollars, which was the first tender made. It is shown by the witness who wrote the papers, that the words "a reasonable time thereafter," were inserted, in order to allow complainant time in which to sell cotton, and procure the money to make the payment. Having realized enough. money with which to make the payment, by the middle of November, 1884, it was the duty of complainant to apply it to that purpose, without unreasonable delay. Under the circumstances, a mere offer to pay in January, after the attachment was sued out, is not within a reasonable time.

The bill was filed August 24, 1885. At the time of the filing of the bill, the note and mortgage had been satisfied,

[Adams v. Mason.]

and a decree for specific performance would be nugatory. Hence, the bill prays, that the defendant be required to account to complainant for the property received from Lee; and is thus resolved into a naked suit in equity to recover damages for a breach of the contract. Had the complainant paid the one hundred and sixty-five dollars, and received a transfer of the note and mortgage, being a surety, he could not have required from his principal more than repayment of the amount paid by him. The principal having satisfied the debt for which complainant was surety, the latter was released from all liability, and has suffered no damage in consequence of the failure to obtain a transfer of the note and mortgage.

Neither the bill, nor the evidence, makes a case for the interposition of a court of equity.

Affirmed.