WILLIAMS ET AL. v. CARPENTER.

1. LEGAL AND EQUITABLE REMEDIES — ACTION FOR DELIVERY OF TITLE DEEDS.— Where the principal ground of relief demanded by an action is the delivery of title deeds, muniments of title, or other written instruments, the value of which cannot with reasonable certainty be estimated, or where by reason of the insolvency of the defendants an action at law would not afford a full, adequate and complete remedy, an equitable action may be maintained.

2. ILLEGITIMATE DEFENSE — ONE MADE BY A PARTY NOT ENTITLED THERETO, OR MADE AFTER WAIVER OF THE OBJECTION RELIED ON.— It is no defense to an action for the delivery of title deeds, after payment and acceptance of the purchase money, that the contract of sale was not in writing, and was therefore void.   One to whom the title papers have been intrusted for delivery to the purchaser can in no event interpose such a defense to the action.

*Appeal from Superior Court of Denver.*

This suit was instituted by appellee M. B. Carpenter, plaintiff, against appellants Joseph and Anna Williams and one Alfred J. Ware, as defendants. The gist of the complaint is that Jerome B. Chaffee, having acquired title to an undivided one-fourth interest in and to certain mining properties in this state through the foreclosure of a trust-deed made by defendant Ware, to secure the payment of his note of $2,000 and interest to appellant Joseph Williams and two others, on the 14th of July, 1885, agreed to sell the same to the appellee Carpenter, on condition that he paid or deposited $2,500 to the credit of said Chaffee in the First National Bank of Denver on or before August 14, 1885; that said Chaffee, on the same day, made a quitclaim deed of the premises and placed it in the hands of his attorney, L. B. France, instructing him to deliver it, together with Ware's trust-deed and note, to appellee, upon compliance with the conditions of payment; that appellee made the deposit of $2,500 to the credit of said Chaffee in said bank upon the 14th day of August, 1885, and that afterwards Chaffee drew out the money so deposited, and appropriated the same to his own use; that appellant received from said bank a certificate showing such deposit, and exhibited the same to France, and demanded the deed and other papers; that France refused to deliver them until a claim made by Williams upon Ware should be settled, and thereupon appellee agreed with the defendant Joseph Williams that the deed of Chaffee and the trust-deed and note should be turned over by said France to Joseph Williams, to be held by the latter a reasonable time to enable Williams to effect a settlement with Ware of certain controversies then existing between them; that the papers were delivered by France to Williams in pursuance of said agreement, and that Williams accepted and retained the same "upon the express condition that the same should be

turned over to the plaintiff upon the payment to him, the said Williams, of his claim or demand upon said Ware, in case it should appear that the said Ware was indebted to the said Williams." It is also averred that neither Williams nor Ware have made any effort to effect a settlement, although often requested so to do by appellee, but have allowed an unreasonable time to elapse since the notes and deeds were so deposited with Williams without any attempt at such settlement; that Ware was not at the time of said deposit, and is not now, indebted to Williams; that said Williams claims that the papers are now held by the defendant Anna Williams, and that both said defendants refuse to deliver them to plaintiff, although often requested so to do; that they, and each of them, are insolvent and unable to respond in damages to the appellee for wrongfully withholding the delivery of the papers; and that Chaffee has died since they went into the hands of Williams.

The defendant Ware made default. The defendants Joseph and Anna Williams joined in an answer, denying the agreement set out in the complaint, and alleging that at the date of Ware's note appellants Joseph Williams, Charles S. Abbott and John Sanderson were mining on the premises under a license from Ware, the sole owner of the properties, and that Ware, being pressed for money to save the same from a forced sale, applied to Williams for a loan of $2,000, offering to him as an inducement one-fourth of the proceeds of a sale of the whole property, when the same could be sold, in consideration of which Williams loaned the $2,000, taking Ware's note and the trust-deed on one-fourth interest in the properties; that Williams assigned the same to Jerome B. Chaffee, from whom he had borrowed the $2,000, as his security for the money. It is also alleged that Chaffee held the title derived through the foreclosure for the benefit of Williams in accordance with the arrangement made with Ware at the time of the loan, and that this was one of the conditions of the sale by

Chaffee to appellee. Defendants further aver that the payment or deposit of $2,500 and the settlement of said Williams' claim were to be made within thirty days from the 14th day of July, 1885, and that the quitclaim deed of Chaffee was left with his attorney, L. B. France, to be delivered to the appellee only upon condition that the payment or deposit and settlement were made within said thirty days; that appellee did not pay or deposit the said $2,500, nor settle the claim of said Williams, within the thirty days; that after the thirty days appellee.demanded the deed and papers of France, who refused to deliver them, for the reason that Williams' claim had not been satisfied; that thereafter France, with the consent of appellee, turned the papers over to Williams to be held by him as his own security for the satisfaction of his claim under the arrangement with Ware; that his claim has not been satisfied or released; and that the appellant Anna Williams holds the papers as a marriage gift from Joseph Williams of his interest in the properties.

Upon these issues the case was tried to the court. As the result of such trial the issues were found in favor of appellee, and judgment was entered accordingly, requiring the defendants Joseph and Anna Williams to immediately surrender and deliver up to the plaintiff the said deed of Chaffee and the note of Ware which were then in the possession of and under the control of the defendant Anna Williams. Judgment was also given the plaintiff for costs, and an order made that execution issue therefor. Appellants bring the case here for review upon appeal.

Mr. J. A. Bentley, for appellants.

Messrs. M. B. Carpenter and C. W. Wright, for appellee.

Hayt, J. It is contended by appellants that if upon the facts stated in the complaint appellee is entitled to

any relief whatever, it is not the relief decreed by the court below.  As we understand his position, it is that if appellee is entitled to the deed of his property, his action should have been in the nature of replevin, rather than the equitable action pursued in this case.  Since this case was decided below the cause of *Henderson v. Johns*, 13 Colo. 280, has been determined by this court.  It was there held that the remedy at law which defeats an action in equity must be full, adequate and complete, and that equity will, at the suit of persons legally entitled to them, decree the delivery up of deeds and other instruments in writing, since damages are inadequate, and the legal actions for the recovery of possession are incomplete.

In the case at bar the insolvency of each of the defendants is alleged and proved.  Under our practice, an action for claim and delivery is substituted for the common-law action of replevin, and the judgment must be for the return of the property, or, in the alternative, for the value thereof, in case a delivery cannot be had. Under the circumstances disclosed in this case, the alternative judgment provided for by statute would be of no avail.  The practice in equity of compelling the delivery to the lawful owners of deeds and other written instruments of title rests upon sound reason, and is well supported by authority.  1 Pom. Eq. Jur. § 184 *et seq.*, and cases cited.  In section 185 the writer says: "Where the final relief is substantially a recovery of chattels, the jurisdiction embraces suits to compel the restoration or delivery of possession of specific chattels of such a peculiar, uncommon or unique character that they cannot be replaced by means of money, and are not susceptible of being compensated for by any practicable or certain measure of damages, and in respect of which the legal actions of replevin, detinue or trover do not furnish a complete remedy.  This particular exercise of the jurisdiction extends, for a like reason, to suits to compel the delivery of deeds, muniments of title, and other written

instruments, the value of which cannot, with any reasonable certainty, be estimated in money."

If plaintiff has shown a clear right to the deed in controversy, we think his right of recovery cannot be defeated, for the reason that he has resorted to an action in the nature of a suit in equity, and not an action at law.

This brings us to the consideration of the merits of the case. The court below found that the allegations of the complaint were established by the evidence, and that the matters set up by way of defense were not proven. These findings seem to be fully supported by the evidence. It is said, however, that the agreement between Carpenter and Chaffee was in reference to an interest in lands, and therefore void, for the reason that it was not in writing. Under the circumstances, this is a matter of no consequence. Chaffee, the only party entitled to make this objection, did not interpose any objection to the delivery of the deed for this reason, and the only objection made to such delivery by Mr. France, the attorney and agent of Mr. Chaffee, grew out of the claim advanced by Chaffee's friend Williams. Whether or not France should have refused to deliver the deed for this reason is unimportant, as this claim of Williams' was arranged satisfactorily to both Williams and Carpenter; and thereupon France delivered the deed to Williams with the express understanding and agreement that Williams was to hold the same only for the purpose of effecting a settlement with Ware, when the deed was to be delivered to appellee. At the time of the trial, although more than two years had elapsed since the papers were delivered by France to Williams, the latter had made no effort to effect a settlement with Ware. In addition to this, the evidence shows, and the court below found, that Ware was not indebted to Williams. Under these circumstances, we think the decree of the court below was right, and should be sustained.

The heirs at law of Chaffee are in no way interested in this controversy, and were certainly not necessary parties to the suit. Chaffee, in his life-time, parted with his entire interest in the property, and received the consideration therefor. *Great West. Min. Co. v. Woodmas of Alston Min. Co.* 12 Colo. 46. The judgment must be affirmed.

*Affirmed.*