# Hendricks v. Hughes, *et al.*

*Bill in Equity for an Injunction.*

1. *Chancery pleading*; *motion to dismiss for want of equity.*—On a motion to dismiss a bill in chancery for the want of equity, amendable defects must be considered as having been made, and the answer of the respondent can not be considered in passing upon such motion.

2. *Same*; *motion to dissolve an injunction.*—On a motion to dissolve an injunction, the affirmative averments contained in the answer, which are not responsive to the bill, are entitled to no weight, and will not be considered in passing upon the motion.

3. *Injunction*; *right of lessee to maintain suit therefor.*—Where a contract of lease is entered into, by which the lessee secures a site for a gin and the water power to run it, and the lessor agrees to keep said water power in good running order so as to furnish plenty of power for the running of the gin, if during the term of the lease, the lessor is about to erect another gin house near the site of that built by the lessee, the erection of which will deprive the latter of the use of the water power and destroy the benefits derived from the lease, the lessee can maintain a bill for an injunction to restrain the lessor from erecting the building; such bill being not one to decree the performance of the contract, but one seeking, by injunction, to prevent the destruction of contractual obligations.

APPEAL from the City Court of Talladega, in Equity. Heard before the Hon. JOHN W. BISHOP.

The bill in this case was filed by the appellant against the appellees. The facts in the case are sufficiently stated in the opinion.

[Hendricks v. Hughes *et al.*]

WHITSON & GRAHAM, for appellant.—On a motion to dismiss a bill for want of equity, all amendable defects in the bill will be treated as amended.—*Haynes v. Short,* 88 Ala. 562 ; *Scholze v. Steiner,* 100 Ala. 149.; *Glover v. Hembree,* 82 Ala. 324.

On motion to dissolve an injunction on the denials of the answer, affirmative matters of defense not responsive to the allegations of the bill can not be considered. *Farris v. Houston,* 78 Ala. 250.

The bill does not seek the specific performance of a contract. The contract is averred by way of inducement and the purpose of the bill is to prevent the respondents from cutting off the complainant from all use of the water power which has been leased to him, thereby destroying all beneficial use of the lease. It is clearly sustainable.—*Bienville Water Supply Co. v. Mobile,* 112 Ala. 260 ; *S. & N. Ala. R. R. Co. v. H. A. & B. R. R. Co.,* 98 Ala. 400 ; *Con. Elec. L. Co. v. People's E. L. & G. Co.,* 94 Ala. 372. A court of equity will restrain by injunction interference in the use of an easement, such as an alley way or right of way.—*Wharton v. Hannon,* 101 Ala. 557 ; *Lide v. Hadley,* 36 Ala. 627. It will also restrain violations of the contract on the part of the lessee, either against the spirit or letter.—1 Brick. Dig., 674, § 498.

BROWNE & DRYER, *contra.*—Relief by granting or withholding a perpetual injunction in the nature of a specific performance is not of absolute unbending right. The chancery court will always stay its hand when equal and exact justice can not be done. The court will not intervene unless the contract is fair, just, reasonable and equal in all its terms and parts ; is founded upon an adequate consideration, and its specific execution is free from hardship and oppression.—*McBryde v. Sayre,* 86 Ala. 458 ; *Clifton Iron Co. v. Dye,* 87 Ala. 468. Nor does inadequacy of remedy by damages at law, of itself, justify resort to equity for perpetual injunction in cases of this nature.—*Iron Age Pub. Co. v. W. U. Tel. Co.,* 83 Ala. 507.

When the agreement sought to be enforced involves continuous administration of executory skill, discretion, personal supervision, or anything else of like kind, then the chancery court is without power or machinery to

compel the active observance of such duties. Parties thus circumstanced are left to such remedies as law courts can furnish for the breach of such contract. *Wingo v. Hardy*, 94 Ala. 184; *Bridgeport Co. v. American &c. Car Co.*, 94 Ala. 595.

The general doctrine is that the court of equity will decree specific performance only when it can dispose of the matter in controversy by a decree capable of present performance. It will not decree a party to perform a continuous duty extending over a series of years; but will leave the aggrieved party to his remedies at law. Mutuality in the equitable remedy is of the essence of the right to specific performance—the remedy must be attained by both parties. The bill is without equity. *Electric Co. v. Railroad Co.*, 109 Ala. 190.

COLEMAN, J.—The complainant filed the present bill, the purpose of which is to obtain an injunction, enjoining the respondent from erecting a certain gin-house, already begun and in course of construction at the time of the filing of the bill. On the 2d of September, 1895, the complainant and respondent entered into the following agreement, viz.: "This is to certify that an agreement has this day been agreed upon between Peter Hughes and Joel Hendricks. Said Peter Hughes agrees to lease site for gin at Coldwater Mill, also water power to run said gin, and agrees to keep said water power in good running order so as to furnish plenty of power for gin in ginning season, and said lease is to be for five years and at the end of five years said Peter Hughes agrees to re-lease site and power, or buy same at reasonable price, and said Joel Hendricks agrees to pay one-fifth of product of gin for lease and power." The bill avers that complainant owns and is in possession of the gin-house, though located upon land of respondent, that he operated the gin one season at a profit, and desires to enlarge and continue running the gin under said lease. The bill shows that the gin is situated east from a saw mill of respondent, and that the gin is operated by the use of a rope and pulley, the rope being attached to a shaft used in running the saw mill, and that respondents, P. N. Hughes and one Humphrey Hughes, begun to erect a gin-house between the gin-house owned and possessed by him and the saw

38

[Hendricks v. Hughes *et al.*]

mill, thereby cutting off and depriving him of the use
of the shaft and water power. The bill shows that if
respondents are ·permitted to erect another gin as con-
templated, it will render useless his lease.

The prayer is for an injunction to restrain the re-
spondents from further proceeding in the erection of the
gin-house.

The answer of respondents nowhere denies the mate-
rial allegations of the bill. The answer affirmatively
avers that said Humphrey Hughes owns a one-ninth
undivided interest in the mill site and land upon which
the gin proposed to be erected is situated. The answer
·sets out at length and in detail the *modus operandi* of the
gin of complainant, and avers that it requires great skill
and continuous labor to furnish power as provided in
the lease for the running of the gin.

. At the hearing the equity court dismissed complain-
ant's bill for want ·of equity. In this the court erred.
Upon a motion to dismiss a bill for want of equity,
amendable defect must be considered as having been
made. Again, upon a motion to dismiss a bill for want
of equity, the answer of the respondents cannot be con-
sidered, and upon a motion to dissolve an injunction,
affirmative averments not responsive to the bill are not
entitled to weight.

It is true that a court of equity will not undertake to
enforce specific performance of an agreement which re-
quires "continuous administration of executory skill,
discretion, personal supervision," etc., as decided in
*Wingo v. Hardy*, 94 Ala. 184, *Bridgeport Co. v. Amer*, &c.
*Car Co.*, 94 Ala. 595, and many others. We find noth-
ing in the present bill to which this principle can apply.
There is no complaint of a want of water power. The
prayer of the bill is to enjoin the erection of a gin-house
which will cut off complainant from the use of the water
power, and destroy the benefits of his lease. The bill is
not strictly one to decree a performance of a contract,
but by injunction, to prevent the destruction of con-
tractual obligations.—*Bienville Water Supply Co. v. City
of Mobile*, 112 Ala. 260 ; *South & North Ala. R. R. Co. v. H.
A. & B. R. R. Co.*, 98 Ala. 400. It will be time enough
to consider the question so elaborately discussed by ap-
pellees when it arises.

The decree of the equity court dissolving the tempo-

[O'Conner v. Nadel.]

rary injunction which had been previously granted, and dismissing the bill for want of equity, is reversed and annulled, and the temporary injunction will be restored to await proceeding by the court.

Reversed, rendered in part and remanded.