(78 South. 212)

SOUTHERN IRON & EQUIPMENT CO. v. VAUGHAN. (3 Div. 327.)

(Supreme Court of Alabama. Jan. 24, 1918. Rehearing Denied March 23, 1918.)

1. SPECIFIC PERFORMANCE ⊜68—RIGHT TO REMEDY—SALE OF CHATTELS.

Generally, contracts concerning sales of chattels will not be required to be specifically performed, because their money value as damages will enable purchase of others of like kind and quantity; but specific performance may be decreed where the chattels have a special value to the owner.

2. SPECIFIC PERFORMANCE ⊜114(1)—SALE OF CHATTELS—BILL OF COMPLAINT.

In suit for specific performance of contract to sell railway rails, where plaintiff alleged that he had sold the rails to a third person, his damages by the breach were easy of ascertainment, and the allegations that he would be irreparably damaged did not make a case of damage which could not be fixed by a jury at law.

3. SPECIFIC PERFORMANCE ⊜68—RIGHT TO REMEDY—SALE OF CHATTELS.

In suit for specific performance of contract to sell rails, where the defendant's insolvency was not alleged, plaintiff was not entitled to specific performance, since a decree for damages would compensate him for all damages from the breach, and he failed to show that, as required by Code 1907, § 3052, he had no plain and adequate remedy at law.

4. SPECIFIC PERFORMANCE ⊜68—RIGHT TO REMEDY—SALE OF CHATTELS.

Mere fact that economical conditions due to war rendered it impossible to get other rails than those which defendant agreed to sell plaintiff did not entitle plaintiff to specific performance of contract, where his damages were ascertainable in an action at law.

Gardner, J., dissenting.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill in equity by the Southern Iron & Equipment Company against W. H. Vaughan. Decree for defendant, and plaintiff appeals. Affirmed.

Weil, Stakely & Vardaman, of Montgomery, for appellant. Hill, Hill, Whiting & Stern and W. A. Jordan, all of Montgomery, for appellee.

THOMAS, J. The suit, which was by appellant as complainant below, was to restrain appellee (respondent) from making disposition to others than complainant of certain railroad material alleged to have been theretofore purchased by complainant from respondent; and it is prayed in the bill that, upon final hearing, a decree be entered directing specific performance of the contract on the part of respondent. The bill does not aver the insolvency of the respondent. The court is sought to be given jurisdiction of such matter by the averment:

"That the nature of the contract now existing between it and the respondent is such that by a breach thereof by the respondent your orator will have no complete and adequate remedy at law, and if such a breach thereof is permitted, it will suffer great and irreparable injury thereby. Your orator avers that the kind and character of rails sold by the respondent to

your orator cannot be procured by your orator in the open market, and, despite diligent efforts, your orator has not been able to procure them from any other source; that the market value of said rails cannot be ascertained; that if a breach of said contract is permitted, there will be no way to ascertain readily and completely and adequately the amount or extent to which your orator has been damaged; that your orator has sold the identical rails which it bought under its contracts aforesaid from the respondent to L. B. Foster Company of Pittsburgh, Pa., and said Foster Company are demanding of your orator a fulfillment of their contract with your orator, and the delivery of said rails; that if your orator does not secure the said rails from the respondent in order to make delivery of the same in accordance with its contract with said Foster Company, your orator will be unable to carry out its contract with the said Foster Company, and will be irreparably damaged."

[1] The general rules obtaining, for specific performance, are that:

"Equity will not, in general, decree the specific performance of contracts concerning chattels, because their money value recovered as damages will enable the party to purchase others in the market of like kind and quality. Where, however, particular chattels have some special value to the owner, over and above any pecuniary estimate—pretium affectionis—and where they are unique, rare, and incapable of being reproduced by money damages, equity will decree a specific delivery of them to their owner, and the specific performance of contracts concerning them."

For example, paintings, statuary, an ancient horn which has gone along with plaintiff's estate (Pusey v. Pusey, 1 Vern. 273), an old silver patera dug up on plaintiff's estate (Duke of Somerset v. Cookson, 3 P. Wms. 389), a peculiar tobacco box belonging to a club (Fells v. Read, 3 Ves. 70), the dress and regalia of a Lodge of Free Masons (Loyd v. Loaring, 6 Ves. 373), family pictures (Lady Arundel v. Phipps, 10 Ves. 139), title deeds and valuable paintings (Lowther v. Lord Lowther, 13 Ves. 95), a finely carved cherry stone (Pearne v. Lisle, Amb. 75, 77), two very valuable jars (Falcke v. Gray, 4 Drew. 651), and a newspaper business, printing plant, and material used in said business (Williams v. Carpenter, 14 Colo. 477, 24 Pac. 558; Brady v. Yost, 6 Idaho, 273, 55 Pac. 542). Mr. Pomeroy says that:

"Where the party seeking to recover the property has himself fixed a value at which he has agreed to sell he cannot subsequently come into equity to obtain delivery of the chattel."

And he cites as authority for the text Dowling v. Betjemann, 2 Johns. & Hemmings Rep. 544; 6 Pom. Eq. Jur. § 748. A reference to that case discloses the fact that the subject of controversy was a picture painted by the complainant, and alleged to have a special value; the holding was that where, by the terms of an agreement and the frame of the pleadings, the artist, seeking the restitution of his picture, had in effect put a fixed price upon it, damages would be an adequate remedy. The vice chancellor said:

"It was, moreover, admitted at the bar that the payment of the £300 would dispose of the whole question in the suit. That is the fair

view of the case which is made by the bill. Upon this an insuperable difficulty arises in the way of the jurisdiction which this court exercises, to order the delivery of a specific chattel of peculiar value, as in the Pusey Horn Case (1 Vern. 273). In such a case as this it appears to me that it would be an innovation on the practice of the court to say that a jury could not adequately estimate by damages the nonpayment of a price fixed, as it is here, by the agreement of the parties." Dowling v. Betjemann, supra.

[2] While complainant in the instant case does not aver the price at which it had resold the property in question to L. B. Foster Company of Pittsburgh, Pa., yet such sale is specifically averred, and the price thereof fixed by complainant is easy of ascertainment for submission to a jury for estimation of damages for a breach of the contract under the rules of law obtaining in such matters.

The further averment that "said Foster Company are demanding" fulfillment of their contract with complainant for said rails, and that if complainant does not secure said rails from respondent to make delivery of the same in accordance with its contract with said Foster Company, complainant will be unable to carry out its contract with that company, and will be "irreparably damaged," does not make a case of irreparable damage, that may not be fixed by a jury at law. In Black Diamond Co. v. Jones Coal Co., 76 South. 42,[1] the rule declared in Montgomery Light & Power Co. v. Montgomery Traction Co. (C. C.) 191 Fed. 657, was not followed and the previous ruling of this court in Stewart v. White, 189 Ala. 192, 66 South. 623, was reaffirmed. The contract, specific performance of which was sought in Black Diamond Co. v. Coal Co., supra, was for the purchase and sale of coal, and required the defendant to sell to the plaintiff all of its output, to a stated daily average, for which the plaintiff was to pay monthly a stated amount per ton, etc., thus contemplating a continuous daily operation of the mine, requiring special skill, knowledge, and direction, over a period of months, and stipulating for a succession of acts that cannot be consummated by one transaction. The relief sought was denied.

Under the averments of the bill the act of delivery of the railroad material was to embrace a series of installments extending over the period from October 2 to November 2, 1917, necessitating the removal of such material from its present location along a right of way of 14 or more miles in length, and delivery f. o. b. the cars at Perry's Mills, Ala. Thus the contract, by its terms, stipulated a succession of acts, to be continued through the reasonable period required, to move to and deliver at point of destination the property in question. If specific performance of such contract be required by the court, a more or less protracted supervision and direction would be neces-

[1] 200 Ala. 276.

sary to consummate such removal and delivery as per contract stipulations. And it may be that on this ground the decree of the court should be sustained, but this is not decided.

[3] However, we prefer to justify the ruling of the court in dismissing plaintiff's bill, on the ground that the insolvency of Vaughan is not alleged, and that compensation for the breach of the contract will give full and complete redress, from the nature of the contract itself and the character of the subject-matter thereof. That is, by a verdict at law the complainant will obtain all that it was the object, by resale of the property in question, to obtain. Savery v. Spence, 13 Ala. 561; Kirksey v. Fike, 27 Ala. 383, 62 Am. Dec. 768; Powell v. Central Plank Road Co., 24 Ala. 441; Morris v. Tuscaloosa Mfg. Co., 83 Ala. 565, 3 South. 689; Dilburn v. Youngblood, 85 Ala. 449, 5 South. 175.

The result is unchanged by Lewman & Co. v. Ogden, 143 Ala. 351, 42 South. 102, 5 Ann. Cas. 265. There one of the parties had a contract with the United States for the erection of certain locks and dams on the Warrior and Tombigbee rivers, and sublet the contract to the other party under the written agreement to do the work by a designated time, and to furnish all necessary labor, teams, machinery, and appliances, etc.; and it was averred that said sublessee had ceased to work, and was attempting to remove such personal property necessary to the prosecution of the work, and to its completion "at the present season of the year, and at the present stage of the water." The bill, "in substance and in spirit" one for specific performance, was held to be without equity. The court said that specific performance might be decreed of a contract for the delivery of chattels, which no one but the defendant can supply, and which are necessary to enable the plaintiff to fulfill an engagement with a third party, "but not where the delivery of the chattels by the defendant was a mere question of convenience." It may be that where goods of special value have been sold, and there are no other similar goods in the market, a contract for the delivery of them would be specifically performed. The foregoing announcement in Lewman & Co. v. Ogden, supra, was rested on the authority of Moses v. Scott, 84 Ala. 608, 4 South. 742. In the latter case the bill was between stockholders in a private corporation for specific performance of agreement to hold and vote stock in trust. Judge Stone said:

"The general rule is that chancery will not lend its aid for the enforcement of an executory agreement to purchase personal property. The reason is that the purchaser can obtain other property of like kind, and, in an action for the breach of the contract, a court of law will award him ample compensation for the damage he has sustained. * * * But when the reason on which the rule rests does not exist, the rule does not apply. Where the article contracted to be purchased is one of mere taste, an heirloom, a family relic, or, from some other cause, is not measurable by a money standard, specific performance is generally decreed, as the only adequate remedy the case is susceptible of."

[4] The bill does not show that the complainant is not provided with a plain and adequate remedy at law for the breach of the contract by respondent Vaughan, (Code 1907, § 3052), but that a breach of such contract is fully measurable by a money standard. The present temporary economic condition, brought about by the pending war, does not bring the instant case within an exception to the general rules hereinabove adverted to.

The decree of the Montgomery circuit court in equity is affirmed.

Affirmed. All the Justices concur, except

GARDNER, J. (dissenting). In Lewman v. Ogden, 143 Ala. 351, 42 South. 102, 5 Ann. Cas. 265, it was said:

"Specific performance might be decreed of a contract for the delivery of chattels, which no one but the defendant can supply, and which are necessary to enable the plaintiff to fulfill an engagement with a third party."

I forego a discussion of the question, but upon a reconsideration of the bill I have become convinced it states a case within this rule calling for equitable relief, and therefore respectfully dissent.