(86 South. 27)

**BLACK DIAMOND COAL MINING CO. v. JONES COAL CO.  (6 Div. 75.)**

(Supreme Court of Alabama.  June 30, 1920.)

1. **Frauds, statute of** ⬤⟿116(3, 4)—**Contract signed by president held presumptively signed by corporation.**

In an action between two coal companies for breach of a contract to deliver coal, not to be performed within one year, signed on behalf of defendant "J. Coal Company, by M. A.," a general affirmative charge for defendant, on the ground that A. was not shown to have been lawfully authorized in writing to execute the contract as required by the statute of frauds (Code 1907, § 4289, subd. 1), was error; the evidence showing that A. was defendant's president and the corporation's alter ego, so as to give rise to the presumption that the contract was signed by it.

2. **Appeal and error** ⬤⟿173(6)—**Existence of corporation cannot be questioned on appeal where not raised below.**

In an action between two coal companies for a breach of a contract to deliver coal, it could

not be contended on appeal that the defendant corporation, not being in existence, could not make a contract on the ground that the articles of incorporation had not been filed, where the question was not raised below and the proof showed the existence of a de facto corporation.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by the Black Diamond Coal Mining Company against the Jones Coal Company for breach of contract to deliver coal. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

L. J. Haley, of Birmingham, and A. F. Fite, of Jasper, for appellant.

The court erred in directing a verdict for the defendant, for it is not necessary under the facts in this case that the agent of the corporation should have had written authority to execute the contract. 202 Ala. 552, 81 South. 54; 84 Ala. 570, 3 South. 286, 5 Am. St. Rep. 401; 109 Ala. 645, 20 South. 333; 202 Ala. 562, 81 South. 64.

J. H. Bankhead, Jr., of Jasper, for appellee.

The contract was governed by section 4289, Code 1907. 78 Ala. 88. There was no corporation, and it affirmatively appears that Aaron had no authority to make the contract. The court, therefore, properly directed the verdict for the defendant.

SAYRE, J. Plaintiff, appellant, sued defendant for damages, alleging the breach of a contract by which the defendant had agreed to deliver coal to the plaintiff. The contract is stated in greater detail in 200 Ala. 276, 76 South. 42. It was in writing and signed for defendant thus: "Jones Coal Company, by M. Aaron." This contract was by its terms not to be performed within one year, and the trial court gave the general affirmative charge for defendant, on the ground, apparently, that there was no evidence that Aaron had been lawfully authorized in writing to execute the contract in the name of the defendant, as required by the statute of frauds. Code, § 4289, subd. 1.

[1] The court erred. It appeared in evidence that there were no minutes of any meeting of the stockholders or directors of the defendant corporation; indeed, there had been no such meetings; but Aaron was president of the Jones Coal Company; he looked after its mines and made contracts for the sale of coal. He managed the affairs of the company, generally. He was the company's alter ego. As to the public and the plaintiff, he had authority to execute the contract in question. He was, in a sense, the agent of his corporation; but in another sense, as we have already said, he was, for the purpose of transacting its business, the corporation's alter ego, and, according to the authorities and the clear reason of the matter, the contract in question was, presumptively at least, signed by the corporation. A. G. S. R. R. Co. v. S. & N. Ala. R. R. Co., 84 Ala. 570, 3 South. 286; 5 Am. St. Rep. 401; Phillips & Buttorff Mfg. Co. v. Whitney, 109 Ala. 645, 20 South. 333; Martin Machine Works v. Miller, 132 Ala. 629, 32 South. 305; A. C., G. & A. Ry. Co. v. Kyle, 202 Ala. 552, 81 South. 54; Moss v. Averell, 10 N. Y. 449; Cook on Corps. (6th Ed.) § 714.

In Standifer v. Swann, 78 Ala. 88, it was held that a conveyance of land, purporting to be signed by a railroad corporation, "by J. C. Stanton, General Superintendent and Attorney in Fact," was, in the absence of corporate proceedings or minutes, showing the appointment of Stanton as agent of the railroad company, no evidence of title, for the reason that no body corporate can appoint an agent to convey lands, except by the vote of its directors, or other managing board, in whom the power to sell may be reposed by charter or by general law. In the case now before us the contract in question is of the kind which, ordinarily, may be entered into by parol, whereas all conveyances of land are required to be in writing by section 3355 of the Code. The ruling in Standifer v. Swann is not questioned, but it may be noted that it must have been made in view of the rule of law which requires that a power of attorney to execute a deed shall be in writing and of the same solemnity as the deed itself. "No man shall be divested of his interest in real estate but by his own acts and by operation of law; if any authority by parol may be shown, a man may be made to convey all his estate, and the conveyance rest entirely in parol." Blood v. Goodrich, 9 Wend. (N. Y.) 68, 24 Am. Dec. 121; 1 Devlin on Real Estate (3d Ed.) § 356. In Standifer v. Swann the defendant Standifer was seeking to prove a chain of title, but that chain was defective in the absence of proof of Stanton's power of attorney, i. e., the record of a vote of the directors or other managing board of the corporate body on whose behalf the deed purported to be executed. Such, of course, is always the case when the title to land is made the subject of proof. Consideration, then, of Standifer v. Swann along with the authorities cited first above justifies the statement of A. G. S. R. R. Co. v. S. & N. Ala. R. R. Co., supra (written by the judge who wrote the opinion in Standifer v. Swann):

"The general rule is that agents of a corporation, except for the sale or alienation of land, need not be appointed by a vote of the directors, or in writing. Nor need such appointment usually be evidenced by the corporate proceedings or minutes. Both the fact of the appointment and the authority of the agent may be inferred," etc.

[2] Appellee further suggests in brief that, as the corporation was not in existence, it could not make a contract. This question was not raised in the trial court; at least, the pleadings do not show any such issue was made, and the proof showed that it was at the time a de facto corporation, assuming to exercise the corporate functions to acquire which necessary documents had been prepared, though,' by "oversight or inadvertence," they had not been filed in the office of the probate judge. Our judgment on the record before us is that the suggestion can avail defendant nothing, and that the trial court erred in holding that the plea of non est factum had been established without contradiction or adverse inference.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.