(99 South. 907)

WATKINS v. SMITH. (4 Div. 120.)

(Supreme Court of Alabama. April 24, 1924.)

Landlord and tenant ⬅331 (5)—Bill by tenant to restrain landlord from suing attachment held on demurrer to have equity.

Bill alleging that tenant was entitled to possession of farm for five years, necessary implication being that he was to cultivate it during term, paying part of crops produced to landlord, that he was not indebted to landlord, but that landlord by suing out attachment had interfered with his possession and cultivation, and praying that he be permitted to carry out lease without molestation and that landlord be restrained from further prosecuting attachment, *held* on general demurrer to have equity.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Bill in equity by J. A. Smith against J. M. Watkins and the Troy Bank & Trust Company. From a decree overruling demurrers and denying motion to dissolve injunction, respondent Watkins alone appeals. Affirmed.

The substance of the bill's averments is that complainant in 1923 leased certain lands for farming purposes from Watkins for a term of five years at an agreed rental, Watkins to pay him a reasonable price for work done in a certain field upon the land; that complainant worked the farm in a businesslike manner and paid the rent; that Watkins during the year requested complainant to make certain improvements upon the farm, agreeing to pay complainant therefor; that complainant performed the work of improvement, but that Watkins has failed to pay him therefor; that about the time of making the lease agreement Watkins suggested that complainant execute a mortgage to respondent bank to obtain funds to assist him in cultivating the farm, which he did, later making a new mortgage and increasing the loan, and thereafter paying it; that the bank admitted payment of all that was due it and promised to "get up his two mortgages and deliver to him"; that the bank has, since making the promise, refused to deliver up the mortgages, and that he has been unable after demand to obtain the mortgage from the bank or Watkins or to have them marked satisfied of record.

It is further averred that, notwithstanding his five-year contract of lease, Watkins advertised the farm and complainant's farm properties for sale, but failed to get a purchaser; that Watkins, on complainant's refusal to surrender possession of the land and his personal property thereon, sued him in the circuit court and had an attachment issued against his property; that unless said attachment suit be restrained complainant will be irrevocably damaged; that he owes nothing to either of respondents, but that Watkins is indebted to him; and that complainant has no plain and adequate remedy at law.

The prayer is for a reference to ascertain whether or not complainant is indebted to respondents or Watkins indebted to complainant; that Watkins be required to specifically carry out the lease agreement and that complainant be permitted to carry out his part of it without molestation; that a writ of injunction be issued to Watkins, restraining further prosecution of his suit in attachment or otherwise interfering with complainant's operation of said farm, and for general relief.

Injunction was issued as prayed. Respondent demurred to the bill, and moved that the injunction be dissolved. The trial court overruled the demurrer and the motion, and from that decree this appeal is prosecuted.

Wilkerson & Brannen, of Troy, for appellant.

The bill is not sufficient as for an accounting or specific performance. 4 Pomeroy, Eq. Jur. § 1421; Pollak v. Claflin Co., 138 Ala. 644, 35 South. 645; Beggs v. Edison Elec. Co., 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; Tecumseh Iron Co. v. Camp, 93 Ala. 572, 9 South. 343; Terrell v. So. Ry. Co., 164 Ala. 423, 51 South. 254, 20 Ann. Cas. 901; Julian v. Woolbert, 202 Ala. 532, 81 South. 32; Crowson v. Cody, 207 Ala. 476, 93 South. 7; Lee v. Houston, 197 Ala. 652, 73 South. 327; Nobles v. Christian & Craft, 113 Ala. 220, 20 South. 961; 3 Mayfield, Dig. 201. The bill shows no equitable ground for injunctive interference. 4 Pom. Eq. Jur. § 1361; 32 C. J. 85.

Ballard & Brassell, of Troy, for appellee.

The allegations of the bill are sufficient for an accounting. Phalin v. Dearman, 181 Ala. 320, 61 South. 941; Julian v. Woolbert, 202 Ala. 530, 81 South. 32; Compton v. Gilder, 176 Ala. 309, 58 South. 271; Lindsey Lbr. Co. v. Mason, 165 Ala. 194, 51 South. 750; Phillips v. Birmingham Ind. Co., 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; 1 C. J. 616. There being equity in the bill, and its allegations being here admitted, the motion to dissolve the injunction was prop-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

erly denied. 4 Pomeroy Eq. Jur. (4th Ed.) § 1357.

SAYRE, J. Defendant, appellant, demurred to appellee's bill on the sole general ground that it contained no equity, and on that ground also moved the court to dissolve the temporary injunction by which appellant had been enjoined from the further prosecution of an attachment suit against. appellee or otherwise interfering with appellee in the operation of a farm he had leased from appellant. The demurrer, was overruled, the motion to dissolve was denied, and this appeal followed.

We are far from holding that the bill in this cause is proof against special demurrer; but we do think there is equity in the bill, and that appellant's demurrer and motion to dissolve were properly overruled and denied. Without considering defects of form (McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567), we read the bill to mean that appellee under a contract of lease with appellant is entitled to the possession of the farm for the term of five years—the necessary implication being that he is to cultivate the farm during the term—paying a part of the crops thereby produced to appellant, that he is not indebted to appellant on any account, but that, nevertheless, appellant by suing out an attachment against appellee, and by other means averred in the bill, has interfered with appellee's possession and cultivation of the farm. This gives the bill equity.

"Injunctions are granted with great freedom to restrain breaches of covenants between landlord and tenant." 4 Pom. Eq. Jur. (4th Ed.) §§ 1707–1708. The acts on the part of appellant averred in the bill amount to a breach of the necessarily implied, if not expressed, covenant that appellee should, so far at least as concerned the acts of appellant, be secure in the use and enjoyment of the property, and the injury done thereby is irreparable, as the bill avers, because appellee, if obliged to depend on his remedy at law, would have difficulty in securing a proper estimate of damages. 4 Pom. Eq. Jur. (4th Ed.) §§ ubi supra; Morris v. Iden, 23 Cal. App. 388, 138 Pac. 120. The bill is not one to decree the performance of a contract, but is one, by injunction, to prevent the destruction of contractual obligation. Hendricks v. Hughes, 117 Ala. 594, 23 South. 637. Nor does its equity depend upon any necessity shown for an accounting. The equity of the bill is that the court should enjoin any wrongful act of the lessor which will make the lease useless or of less value, but for which appellee is without complete and adequate remedy in the ordinary course of law. Authorities supra.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.