OPPENHEIM COLLINS & Co., INC., Plaintiff, *v.* RUTH D. BEIR et al., Defendants, and FORGAN-AMES Co., Intervener, Defendant.

Supreme Court, Special Term, New York County, May 27, 1946.

*Leonard P. Moore, Kurt Widder* and *Edward R. Neaher* for plaintiff.

*Robert L. Rice* for Ruth D. Beir and another, defendants.

*Louis P. Eisner* for Mildred B. Landau, defendant.

*Francis T. Findlay* and *Louis P. Eisner* for Corinne B. Mills, defendant.

*William Felstiner* for intervener, defendant.

SCHREIBER, J. Defendant Beir Bros., Inc., conducts a department store at Niagara Falls, New York. Defendant Ruth D. Beir, widow of one of the founders of the business, holds 1,750 shares of the capital stock of the corporation. The remaining 1,500 shares are held by defendants Landau and Mills, nieces of Mrs. Beir and daughters of the other founder brother, likewise deceased. In 1939, when the business was incorporated, a stockholders' agreement then entered into, and noted on the stock certificates, provided that before sale by any of the parties of any stock to an outsider such stock must first be offered to the remaining stockholders.

On January 30, 1946, following negotiations with Mrs. Beir who was active in the business, plaintiff wrote to her offering to purchase all of the corporate stock. The letter provided that, if all the stock were not obtainable, plaintiff was to have an option to March 1, 1946, to purchase Mrs. Beir's stock alone. The offer was conditional on cancellation of an existing lease with a separate corporation and the substitution of a new lease, the proposed general terms of which were set forth. The proposed form of new lease was not then enclosed, although stated to be.

On February 4, 1946, Mrs. Beir, by letter, accepted and approved plaintiff's offer but added five revisions and enclosed a proposed lease. Later plaintiff sent Mrs. Beir its own suggested and differing form of lease.

It does not appear that plaintiff ever actually accepted Mrs. Beir's countersuggestions or revisions of February 4, 1946, whether or not unimportant, until February 25, 1946, and even then the terms of the said lease were not definitely fixed or agreed upon, nor had approval of the corporate landlord been obtained. Prior to the latter date Mrs. Beir claims, orally and in writing, to have withdrawn her counteroffer and to have revoked the option to plaintiff with regard to her own stock. If in fact no binding contract existed between plaintiff and Mrs. Beir to that time there was no consideration for the option and, as that option was not specifically stated to be irrevocable (Personal Property Law, § 33, subd. 5), it was revocable at will (*Cochran* v. *Taylor*, 273 N. Y. 172). The determination of these problems and of the sharp issue of fact as to plaintiff's knowledge and notice of the 1939 stockholders' agreement is rendered unnecessary, however, since the parties by stipulation in the record have eliminated from the case any question of damages. There is left then the single and narrow question of whether (defendants Landau and Mills having duly exercised their option under the 1939 stockholders' agreement to purchase Mrs. Beir's stock upon notice from her of the proposed sale to plaintiff) such defendants or plaintiff, as opposed to each other, are entitled to the equitable remedy of specific performance against Mrs. Beir.

In the opinion of the court, no valid reason has been advanced by plaintiff why such defendants' prior right and option to purchase Mrs. Beir's stock should not here be sustained, assuming, without deciding, that plaintiff's contract with Mrs. Beir is good and that plaintiff was without notice of the 1939 agreement (cf. *Central Trust Co.* v. *West India Imp. Co.*, 169 N. Y. 314).

It is urged by the aunt in aid of a prayer for rescission against the nieces, and by the plaintiff, that the nieces have violated the 1939 agreement and have in some fashion, obscure at least as regards plaintiff, lost equity by negotiating with outsiders for resale of the stock before exercising their option, by not revealing the fact to the aunt, and by failing to make a reciprocal offer to the aunt with regard to their own stock by reason thereof. But the purposes of this family agreement were fully served and exhausted when the first of the parties thereto, Mrs. Beir, sought to dispose of her stock and retire from the corporation. Indeed, the attitude of the parties at the closing of the nieces' option and otherwise evinced no other practical construction. Nor would there be any point or meaning in the spirit and purpose of the agreement thereafter to restrict the remaining stockholders. Clearly, the agreement may not reasonably so be read. In any event, there was here no need for a reciprocal offer to the aunt. The nieces made no separate agreement to sell their own stockholdings but only to sell all of the stock of the corporation if and when they purchased that held by Mrs. Beir, and none otherwise.

Other contentions of the plaintiff have been considered and are likewise held without merit. Plaintiff is not uniquely and exclusively fitted to carry on the business. Under the circumstances, no substitute for equitable relief to the remaining stockholders will be just or adequate. It is true that they have agreed to resell to others, which, in some circumstances, might indicate no particular need for specific performance (cf. *Bowman* v. *Adams,* 45 Idaho 217; *Southern Iron & Equipment Co.* v. *Vaughan,* 201 Ala. 356). But here the agreement for resale depends on the nieces' acquiring Mrs. Beir's stock, for the resale is of all the corporate stock or none. In the event their election to take Mrs. Beir's stock is not upheld, the nieces continue to hold their own minority stockholdings, and as such may not properly be deprived of the protection of the 1939 stockholders' agreement.

It follows that defendants Landau and Mills are entitled to the decree of specific performance sought and that their right is superior to that of plaintiff.

Settle findings and judgment in accordance herewith, without costs.

In the exercise of discretion, declaratory judgment, as sought by the intervening defendant, is denied except insofar as necessarily follows from disposition of the issues between the other parties.