[No. 17526.   Department Two.   May 21, 1923.]

M. O. KLITTEN et al., Respondents, v. E. M. STEWART, Appellant.[1]

CHATTEL MORTGAGES (7)—CONSIDERATION. Where the buyer's written agreement to make a chattel mortgage on hotel equipment was delivered at the time and as a part of the transaction, it needs no independent consideration to support it.

SPECIFIC PERFORMANCE (11)—CONTRACTS ENFORCIBLE—CERTAINTY—DELIVERY OF CONTRACT—CONSIDERATION. An agreement to give a chattel mortgage on hotel equipment purchased, in case certain purchase money notes were not paid when due, is sufficiently direct and certain to warrant specific performance after the first note was not paid at maturity.

SAME (1, 43)—CONTRACTS FOR PERSONAL PROPERTY—ADEQUATE REMEDY AT LAW—PLEADING. Equity may decree the specific performance of a contract to give a chattel mortgage on certain personal property as further security, where the insolvency of defendants is shown by an allegation that any judgment at law against defendants would be worthless.

[1]Reported in 215 Pac. 513.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered April 26, 1922, in favor of the plaintiffs, in an action for specific performance, tried to the court. Affirmed.

*Moulton & Jeffrey,* for appellant.

*C. L. Holcomb,* for respondent.

FULLERTON, J.—In November, 1920, the respondents, Klitten, sold to the appellant, Stewart, the furniture and equipment of a hotel in the city of Kennewick, and also leased to her the hotel building for a term of five years. The consideration for the furniture and equipment was $15,000. Of this sum Mrs. Stewart paid a part in cash and in negotiable securities which were converted into cash, gave a mortgage on the furniture for the sum of $2,100 for another part, and for the balance, $8,000, assigned to the respondents certain notes secured by a mortgage on real property situated in the state of South Dakota. The notes mentioned were, at the time the negotiations began, in the possession of a bank in South Dakota, and were forwarded by the bank to a bank at Kennewick. When examined, the mortgage given to secure them was found to be a second mortgage on the property, and a lien was claimed upon the instrument by the Dakota bank for the sum of $800. A banker in South Dakota, to whom an inquiry had been sent, made a favorable report on the securities, but the respondents were not satisfied therewith. The appellant thereupon agreed, in case the notes were not paid at their maturity, to give a chattel mortgage on the hotel equipment as further security. This agreement was evidenced by a writing in the following form:

.            . "November 30, 1920.

"In case the note of $2,000 which is due Mch. 1, 1922, and the $3,000 note due Mch. 1, 1923, and the $3,800

note due Mch. 1, 1924, are not paid, I agree to give a mortgage on furniture for above notes.

"Mrs. E. M. Stewart."

Thereafter the deal was closed and the appellant was put into possession of the property.

When the first of the notes secured by the Dakota property matured, it was not paid, nor was the interest then due on the remaining notes paid, and inquiry developed that the notes were practically valueless. The respondents then demanded of the appellant a mortgage on the hotel equipment to secure them. The appellant refused to execute the mortgage, whereupon the respondents began the present action to enforce a specific performance of the agreement. The trial resulted in a decree of the court directing the appellant to execute within ten days a chattel mortgage on the hotel property, securing the notes according to their tenor and effect, appointing the clerk of the court a commissioner to execute the mortgage in the case the appellant failed so to do.

On the appeal, the appellant first makes the contention that there was no delivery of the writing agreeing to execute the mortgage; and, in the same connection, makes the further contention that, if it was delivered, there was no consideration for its execution, because executed and delivered on the solicitation of the respondents after the deal had been closed, and there was no showing of an independent consideration. But while the evidence on the questions was conflicting, we think it well supports the claims of the respondents that the writing was not only delivered, but was delivered as a part of the general transaction. It thus needed no independent or separate consideration in its support; it is supported by the consideration which supports the agreement as an entirety.

It is next contended that the agreement is not one of which a court of equity will decree a specific performance, in that it is not sufficiently direct and certain in its terms. But we think the contract sufficiently definite in this respect. It is not, it must be admitted, entirely free from ambiguity. But construing it in the light of the surrounding circumstances, it is plainly a contract to give the additional security should it become evident that the notes would not be paid by the persons bound thereon. The evidence was ample to justify the conclusion that they would not be so paid. Foreclosure of the first mortgage had been instituted, and inquiry on the ground by one of the respondents developed that the sale of the property would bring no more than the amount of the mortgage, and that the makers of the notes and the indorser thereof were without other unincumbered property.

It is next contended that a court of equity will not decree the specific performance of a contract relating to a sale or the encumbering of personal property unless it is alleged and proved that the plaintiff is without an adequate remedy at law; that this usually takes the form of an allegation of insolvency, accompanied by proof that the defendant is insolvent, so that a judgment against the defendant in an action at law could not be enforced; and that here there was neither allegation nor proof of insolvency. But there is an allegation in the complaint that any judgment at law which the respondents might obtain against the appellant "would be worthless," and the proofs were that the appellant had no other visible property than the property she obtained from the respondents through this transaction. It is our opinion that this is sufficient to sustain the decree.

The apparent reluctance of courts of equity to enforce contracts with relation to personal property with

the same readiness that it does similar contracts with relation to real property, does not arise from any thought that its jurisdiction is not as ample in the one case as in the other. Its jurisdiction in either case is the same (25 R. C. L. 293), but the seeming difference in its exercise arises from the fact that the equities of the case are not always as readily apparent in the one instance as they are in the other. Here there was a specific contract to secure this indebtedness in a particular manner. The contingency arose under which the contract was to be performed. There is nothing immoral nor harsh in the contract, and it is one that the parties had a right to make. The remedy of an action at law was undoubtedly ample in the sense that the respondents could have obtained a judgment for a breach of the contract, but recovery upon the judgment is as essential to make the remedy at law adequate as is the right to obtain the judgment, and, as to this latter essential, the remedy at law was not in this instance ample. In this state there is no method of sequestering property to await the final outcome of an action at law which runs as a matter of course. Some specific cause must be shown even before a writ of attachment will issue. When the ease with which personal property may be disposed of is considered, plainly there is no certainty that the judgment, when obtained, could be collected. It must be remembered, furthermore, that the decree compels the appellant to do nothing more than she specifically promised to do, and promised for the purpose of obtaining, and without which promise she could not have obtained, the very property she is required to mortgage. Plainly the equities are with the respondents, and we cannot conceive that the court erred in so ruling.

The judgment is affirmed.

MAIN, C. J., and TOLMAN, J., concur.