SOUTHERN UTILITIES COMPANY *v.* CITY OF PALATKA.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 339.   Argued April 27, 1925.—Decided May 11, 1925.

1. An agreement of a public utility with a city to observe specified rates remains binding even after the rates become unremunerative, if the contract does not lack mutuality. P. 233.
2. The fact that the state legislature has power to regulate the rates does not deprive the contract between the utility and the city of mutuality. *Id.*

86 Fla. 583, affirmed.

CERTIORARI to a decree of the Supreme Court of the State of Florida, affirming a decree enjoining the petitioner from increasing its rates for electric lighting.

*Mr. William L. Ransom,* with whom *Messrs. W. B. Crawford* and *J. T. G. Crawford* were on the briefs, for petitioner.

*Mr. P. H. Odom,* with whom *Mr. J. J. Canon* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The City of Palatka brought this bill to restrain the petitioner, the Southern Utilities Company, from charging more than ten cents per kilowatt, meter measurement, for commercial electric lighting in the city. It alleged a contract in the grant of the petitioner's fran-

chise by which the petitioner was bound not to charge more than that sum. The defendant pleaded that in present circumstances the rate prescribed in the ordinance granting the franchise was unreasonably low and that to enforce it would deprive defendant of its property without due process of law contrary to the Constitution of the United States. The plea was overruled and defendant having declined to plead further a decree was entered for the plaintiff by the Circuit Court for Putnam County which subsequently was affirmed by the Supreme Court of the State. 86 Fla. 583.

The Supreme Court held that the City had power to grant the franchise and to make the contract and that it had no power of its own motion to withdraw, but it concedes the unfettered power of the legislature to regulate the rates. On that ground the defendant contends that there is a lack of mutuality and therefore that it is free and cannot be held to rates that in the absence of contract it would be unconstitutional to impose. The argument cannot prevail. Without considering whether an agreement by the Company in consideration of the grant of the franchise might not bind the Company in some cases, even if it left the City free, it is perfectly plain that the fact that the contract might be overruled by a higher power does not destroy its binding effect between the parties when it is left undisturbed. *Georgia Railway & Power Co.* v. *Decatur,* 262 U. S. 432, 438. *Opelika* v. *Opelika Sewer Co.,* 265 U. S. 215, 218. Such a notion logically carried out would impart new and hitherto unsuspected results to the power to amend the Constitution or to exercise eminent domain. There is nothing in this decision inconsistent with *Southern Iowa Electric Co.* v. *Chariton,* 255 U. S. 539; *San Antonio* v. *San Antonio Public Service Co.,* 255 U. S. 547 and *Ortega Co.* v. *Triay,* 260 U. S. 103.

*Decree affirmed.*