[No. 19351. Department Two. September 2, 1925.]

# GEORGE J. CHAPMAN et al., Respondents, v. L. D. MILLIKEN et al., Appellants.[1]

SPECIFIC PERFORMANCE (28)—CONTRACTS ENFORCIBLE—PERFORMANCE BY PLAINTIFF. A tender of performance of a contract for the exchange of lands is not insufficient to sustain an action for specific performance in that it failed to tender delivery of hay that was to be left on the premises, the contract not requiring delivery.

CONTRACTS (24)—SPECIFIC PERFORMANCE (19)—CONSIDERATION—MUTUAL PROMISE. A bilateral contract for the exchange of properties containing mutual promises is supported by a sufficient consideration to sustain an action for specific performance.

CONTRACTS (6)—OFFER AND ACCEPTANCE—NOTICE. There was a sufficient acceptance of a contract for the exchange of properties where notice of acceptance was given to the agent of the parties.

SPECIFIC PERFORMANCE (26)—TIME FOR PERFORMANCE—TENDER OF PERFORMANCE BY PLAINTIFF. The tender of a deed in full performance of a contract for the exchange of properties, made within thirty days, is within a reasonable time stipulated for consummation of the deal.

EVIDENCE (4)—JUDICIAL NOTICE—GEOGRAPHICAL FACTS. The courts will take judicial notice that Spokane county could not be in Range 4, East of the Willamette Meridian, and that Range 44 East would be in that county.

REFORMATION OF INSTRUMENTS (6)—FRAUDS, STATUTE OF (52)—MUTUAL MISTAKE—DESCRIPTION OF PROPERTY—OPERATION AND EFFECT OF STATUTE. The statute of frauds is no bar to the reformation of a mutual mistake in a deed, the only error being in describing land in Spokane county, Washington, as being in Range 4, East, instead of Range 44, and in failing to name the state.

ACTIONS (19)—JOINDER OF CAUSES—REFORMATION AND SPECIFIC PERFORMANCE. An action lies to reform a mutual mistake in the description of property and to enforce specific performance of the contract for its exchange.

SPECIFIC PERFORMANCE (12)—CONTRACTS ENFORCIBLE—CERTAINTY. A contract for the exchange of properties is not too indefinite to be specifically performed in that it failed to provide the term of the mortgage or the rate of interest, where a reasonable contract in these particulars was tendered.

[1]Reported in 239 Pac. 4.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered January 5, 1925, in favor of the plaintiffs, in an action to reform a contract and for specific performance.   Affirmed.

*Cordiner & Cordiner,* for appellants.

*McWilliams, Luby & Pearson,* for respondents.

Holcomb, J.—This action is to cure a mistake in the description of one of two tracts of land involved in a written agreement for an exchange, and to compel specific performance thereof.

Briefly, the amended complaint alleges that respondents are husband and wife, and that appellants are husband and wife; that, on August 30, 1924, appellants offered in writing to exchange certain real estate situated in Spokane county, Washington, for certain other real estate situated in Spokane county, Washington, belonging to respondents, a copy of their written offer being attached to the amended complaint and made a part thereof, marked Exhibit A; that it was provided that respondents' property was to be free of all incumbrances except a mortgage of $3,500, and is described in the contract as follows: "The property in Spokane County, State of................................ is referred to as the second property; N½ of NE¼, SE¼ of NE¼, NE¼ of SE¼, Sec. 20, T. 28, R. 4, containing 160 acres, known as the Bartlett Homestead."

It was further alleged that by mutual mistake the property of respondents was described in the contract as range 4, instead of range 44, and that on September 9, 1924, respondents accepted the offer of appellants by George J. Chapman, one of respondents signing the contract; that, on September 29, 1924, respondents tendered to appellants a title insurance policy and a deed of general warranty conveying the property of respondents to appellants free from incumbrances, ex-

cept a mortgage of $3,500, and that appellants refused the tender, and refused to perform their part of the alleged agreement; that respondents are able, ready and willing to perform their part of the alleged agreement and tender into court their title insurance policy and deed.

The contract, which was executed by appellants on August 30, 1924, is as follows:

"Exchange and Commission Contract

"In this instrument L. D. Milliken and Mrs. Luella Millikin are referred to as first party, and George J. Chapman is referred to as second party, and Black & Pomeroy are referred to as third party; and the following described property, situated in Spokane County, state of ................................................ is referred to as the first property; ............................ B 174-175-176, Orchard Ave., containing 3 acres more or less with 6-R House................ and the following described property in Spokane County State of .................................... is referred to as the second property: N½ of NE¼, SE¼ of NE¼, NE¼ of SE¼, Sec. 20. T. 28, R. 4, containing 160 acres, known as the Bartlett Homestead. . . .

"The first party hereby offers to the second party to exchange the first property for the second property as herein provided, and to convey or cause to be conveyed to second party by warranty deed the first property, free from incumbrances except .............................., and to give possession of said first property on or before January 1st, 1925.

"The second party shall convey or cause to be conveyed to first party by warranty deed the second property free from incumbrances except ............................ a mortgage of $3,500 and a lease which terminates with sale of the place......... and second party shall give possession of said second property......... on or before Jan. 1, 1925.................

"The first and second parties shall furnish title insurance policy or abstract of title for the first and second properties, respectively, certified to the date hereof, showing marketable title free from incum-

brances except as herein stated, and each party shall have a reasonable time in which to consummate this transaction.

"Second party shall have 10 days from date hereof in which to accept this offer.

"For the purpose of this instrument the following shall not be considered as incumbrances on either property; Reservations, contained in any of the forms of patent or deed commonly used by the United States, State of Washington, the Northern Pacific Railroad Company or the Northern Pacific Railway Company; building restrictions common to the platted tract in which the property is situate; easements for public roads actually in use as such; contracts common to the platted tract in which the property is situated with reference to supplying water and electricity to the premises and the operation of irrigating and electric systems.

"If the third party shall tender or cause to be tendered to first party a deed conveying to first party marketable title to the second property with title insurance policy or abstract of title as above provided, within 30 days from the date hereof; or if third party shall procure the acceptance of this offer in writing by second party within said time (or thereafter if ratified by first party), and second party is able to convey a marketable title to the second property; then first party agrees to pay to third party ............................... dollars ($..............................) in full payment for services of third party as agent for first party in this transaction. It is understood that third party is acting as agent for both first and second parties.

"Executed by first and third parties this 30th day of August, 1924.

"Witness to signature        L. D. Milliken (Seal)
of first party                     Luella Milliken (Seal)
Ira Black.                         Geo. J. Chapman (Seal)

"The foregoing hereby is accepted by above named second party this...................day of..............................., 19........, and second party hereby agrees to pay above named third party ................................... dollars ($.......................) in full payment for services which have been rendered by

third party as agent for second party in this transaction, provided first party is able to convey or cause to be conveyed a marketable title to the above described first property.

"Witness to signature of second party:
....................................................(Seal)
....................................................(Seal)"

After a demurrer to the amended complaint had been overruled, appellants served and filed an answer in which they denied each and every allegation of the complaint, except the allegations that the parties were husband and wife, respectively, and that appellants refused the alleged tender of respondents, and refused to perform the alleged executory agreement. As a further affirmative defense to the action, they plead the statute of frauds. By reply to the affirmative answer, respondents traversed the same.

From a decree reforming the contract and decreeing specific performance, this appeal comes.

Appellants' first contention is that respondents did not perform their part of the contract, and therefore their action should have been dismissed. This contention is based upon the fact that respondent Chapman, when testifying, admitted that there was some hay on the premises to be conveyed by him, which appellants were to receive as a part of the consideration for their property. It is asserted that, since respondents did not tender the hay as a part of the performance of the contract by them, and the decree does not provide for, or require such performance, the action should have been dismissed.

In the first place, whether the hay on the premises of respondents was much or little does not appear. It simply appears that whatever was in the barn was to be left when possession was delivered to appellants. In the next place, the contract between the parties did

not cover the delivery of hay to appellants. All we have to deal with is the contract in writing and its terms.

It is next contended that the contract sought to be enforced by respondents is not supported by a valuable consideration, and therefore could be withdrawn at any time by appellants before acceptance according to its terms.

The assertion that the contract lacks consideration is certainly untenable, for it is a bilateral contract between opposite parties containing mutual promises for the exchange of certain properties. It needs no independent or separate consideration. *Klitten v. Stewart,* 125 Wash. 186, 215 Pac. 513.

The other portion of appellants' contention, that there was no acceptance according to the terms of the contract and that the offer was withdrawn before such acceptance, is partially a question of fact, which the court resolved in favor of respondents, and the evidence does not preponderate to the contrary.

Remembering that the contract required acceptance within ten days by respondents from August 30, 1924, and that Black & Pomeroy, under the contracts, were agents of both parties, the evidence for respondents shows that on September 4, 1925, Chapman accepted the offer contained in the contract and signed the acceptance in the presence of Black in his office. Black immediately advised appellants by 'phone. Apparently in response to this communication they came to the office of Black and proceeded with Black and respondent Chapman to attorney Farrington's office, where steps looking to the consummation of the transaction were taken. It is true that the method of consummation was not strictly in accordance with the terms of the original offer; but respondent Chapman had previously obligated himself according to the letter

of the contract. Chapman accepted that contract without any modification or counter-proposal.

Although appellants contend that they had no such information from Black or from Chapman of Chapman's acceptance of their offer, the law is that the offerer need not have actual personal notice of the acceptance. The agreement becomes obligatory from the moment the minds of the parties meet. Notice of acceptance given to the agent of the offerer is sufficient. 13 C. J. 285.

Certain papers were drafted in the office of Farrington which the next day appellant refused to accept. They then notified Black that the deal was off. This was too late. The deal had been accepted and appellants could have enforced specific performance on the part of respondents to "convey or cause to be conveyed by warranty deed the second property (respondents'), free from incumbrance except a mortgage of $3,500 and a lease which terminates with the sale of the place, and the second parties shall give possession of said second property on or before Jan. 1, 1925, . . and furnish a title insurance policy or abstract of title certified to the date hereof (August 30), showing marketable title free from incumbrance except as herein stated, and each party shall have a reasonable time in which to consummate this transaction." The evidence further shows that, on September 29, 1924, respondents had procured from the person from whom they held an executory contract of purchase subject to an unpaid purchase debt of $3,500, a deed, and had given a mortgage back for $3,500, with interest at 5½ per cent per annum, payable semi-annually. This deed and the title insurance policy certified to August 30, 1924, were deposited in court for appellants. It cannot reasonably be argued that 30 days from the time

of the original offer to the time of tender of complete performance on the part of respondents was not a reasonable length of time as provided in the contract.

Appellants strenuously contend that respondents had no right to reformation of the contract involved herein because it was a contract required by the statute of frauds to be in writing, and cannot be varied or added to by resorting to parol proof.

Respondents admit that the contract is one required to be in writing, and contend that it is in writing, and that the fact that mutual mistake was made in the description of the property to be conveyed by respondents, where there was a description, but such description was incorrect, does not violate the statute.

In all other respects the contract apparently contained all the essential elements required. It described the premises of respondents as being located in Spokane county, although the name of the state was left blank; as containing 160 acres, and known as the Bartlett Homestead. The mistake in the number of the range was apparently the only defect outside of the omission of the state.

We take judicial notice that Spokane county is in the state of Washington, and that range 4 could not possibly be in Spokane county. Range 44 east, Willamette Meridian, would be in Spokane county. Such an error in description is subject to rectification. *Schmidt v. Powell,* 107 Wash. 53, 180 Pac. 892. Such matters are not additive nor variant.

The minds of the parties had met on the transfer of the land of respondents in Spokane county, known as the Bartlett Homestead, containing 160 acres, and in a certain section and township. Had the range been omitted entirely it could have been supplied by the proof, and the contract so reformed. That was the

mistake of the scrivener of the parties, and therefore a mutual mistake. *Dennis v. Northern Pacific R., Co.,* 20 Wash. 320, 55 Pac. 210; *Rosenbaum v. Evans,* 63 Wash. 506, 115 Pac. 1054.

That an executory contract can be reformed to set forth correctly the mutual intention of the parties where a mutual mistake has occurred, is settled by great weight of authority. *Mead v. White,* 53 Wash. 638, 102 Pac. 753; *Allen v. Kitchen,* 16 Idaho 133, 100 Pac. 1052; 2 Pomeroy, Equity Jurisprudence (3d ed.), § 866; 1 Williams, Vendor and Purchaser (2d ed.), 786, 787.

In all of the authorities it is stated that the statute of frauds is no bar to such relief, and Pomeroy concludes the section above cited from his work, as follows:

"If the doctrine can be thus applied to deeds which have actually conveyed the title, then *a fortiori* may it be applied to mere executory contracts which do not disturb the legal title."

It is clear that the mistake in this case was inadvertent and mutual; that the minds of the parties had met on the description of the property as corrected, and that the relief was proper.

It is also contended that even though the contract could be reformed, it could not be reformed and specifically enforced at the same time.

We think there is no merit in this contention. Under the modern reformed procedure it would be somewhat absurd to require the parties first to proceed in an action to have the contract reformed to express the real intention of the parties, and then, in another action, sue to specifically enforce the same. There is no reason why it may not all be done in one action, which appears to be the common practice in England, according to Williams, and the authorities by him cited.

It is also contended that the contract is too indefinite and uncertain to be reformed, or to be specifically performed, because it does not provide for the length of the term of the mortgage referred to, nor the rate of interest to be paid under the mortgage assumed.

This objection is not valid. The offer of appellants in the contract did not specify that respondents were to convey subject to a mortgage of record, or which actually existed and was to be paid in a certain length of time, or at any specific rate of interest; but agreed, as a matter of fact, to convey subject to a mortgage of $3,500, which was done; and any rate of interest within the legal rate of six per cent would be deemed agreed to under our statute, none being otherwise specified. The conveyance tendered by respondents was subject to a mortgage to their grantor dated September 4, 1924, for $3,500, due five years after date, with interest thereon at the rate of 5½ per cent per annum, payable semi-annually. That was a very reasonable incumbrance of a reasonable duration, and at a very reasonable rate of interest. It substantially and sufficiently complies with the contract of appellants.

We can see nothing erroneous or inequitable in the decree and it is affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.