## KRAUSE v. HOFFMANN.

1. SPECIFIC PERFORMANCE — RULE AGAINST SPECIFIC ENFORCEMENT OF CONTRACTS CONCERNING CHATTELS HAS EXCEPTIONS.

    The rule that equity will not decree specific performance of contracts concerning chattels is one of general application, but there are exceptions.

2. SAME—DISTINCTION AS TO JURISDICTION OF EQUITY IN SPECIFICALLY ENFORCING REALTY AND PERSONALTY CONTRACTS.

    Jurisdiction of a court of equity to specifically enforce contracts concerning real estate and not those concerning chattels does not rest on any distinction between real and personal estate, but on the ground that equity will not interfere when damages at law will afford a complete remedy.

3. SAME—SECURITIES REFERRED TO IN CONTRACT WERE THOSE BELONGING TO TESTATOR'S ESTATE.

    In a suit for the specific performance of a contract whereby testator's grandchildren, who were bequeathed the sum of $20,000, agreed with testator's children to make no contest and to relinquish all claim against the estate in consideration of assignment to them of land contracts and mortgages in the sum of $40,000, the finding of the court below that the securities referred to in the contract were those belonging to the estate of testator, *held*, justified by the proofs.

4. SAME—EQUITY HAS JURISDICTION WHERE PLAINTIFFS NOT ENTITLED TO MONEY JUDGMENT.

    In view of the fact that plaintiffs had agreed to accept securities, and if defendants had tendered them plaintiffs would have been compelled to accept, and that plaintiffs were not entitled to a money judgment, a court of equity has jurisdiction to specifically enforce the contract (3 Comp. Laws 1915, § 11899).

5. SAME—NOT A REMEDY OF RIGHT.

    The remedy by specific performance is not a remedy of

[1]Specific Performances, 36 Cyc. p. 555; [2]Id., 36 Cyc. pp. 552, 555; [3]Id., 36 Cyc. p. 784 (Anno); [4]Id., 36 Cyc. p. 569 (Anno); [5]Id., 36 Cyc. p. 548.

right, but should be granted or refused in the exercise
of a sound judicial discretion.

6. SAME—ENUMERATION OF PARTICULAR SECURITIES NOT NECESSARY
TO SPECIFIC ENFORCEMENT.
That the contract did not enumerate the particular securi-
ties to be assigned, would not prevent its being specifically
enforced, since equity would require the selection to be
made so as to give neither party an advantage.

7. SAME—FRAUD NOT SHOWN.
Defendants' contention that the contract was procured by
fraud, held, not sustained by the record.

8. DESCENT AND DISTRIBUTION — COMPROMISE AND SETTLEMENT
—SETTLEMENTS FAVORED BY LAW.
The law favors settlements between claimants of an estate.

9. SAME—SETTLEMENT BETWEEN CLAIMANTS OF ESTATE FAIR AND
ENFORCEABLE.
A settlement between grandchildren and children of tes-
tator, under which the former agreed to take and the latter
agreed to assign securities in lieu of a bequest and re-
linquishment of all claim against the estate, held, to have
been fairly made after due consideration, in which both
parties had advice of counsel, and therefore enforceable.

Appeal from Wayne; Hawley (Royal A.), J., pre-
siding.    Submitted April 27, 1927.    (Docket No. 91.)
Decided June 6, 1927.

Bill by Raymond C. Krause and another against
Gustav J. Hoffmann and another for specific perform-
ance of a contract.    From the decree rendered, both
parties appeal.    Reversed, and decree entered for
plaintiffs.

*Joseph B. Beckenstein*, for plaintiffs.

*Lynch & Lovett*, for defendants.

SHARPE, C. J.    Carl Hoffmann died on August 20,
1925, leaving a last will and testament, in which he

⁶Specific Performances, 36 Cyc. p. 590; ⁷Id., 36 Cyc. p. 784
(Anno); ⁸Descent and Distribution, 18 C. J. § 158; ⁹Id., 18 C. J.
§§ 157, 158.

bequeathed to the plaintiffs, son and daughter of a deceased daughter, the sum of $10,000 each, to his wife a monthly allowance of $100, some small bequests to relatives, and the residue to the defendants, his son and daughter. Before the hearing on the petition for probate, the plaintiffs expressed an intention of filing a contest. A number of conferences were held, resulting in the execution of a written agreement on October 15, 1925, in which plaintiffs agreed to make no contest and to relinquish all claim against the estate and defendants agreed, in consideration thereof, to assign to them as soon as possible "land contracts and mortgages in the sum of forty thousand ($40,000) dollars, and of this amount at least twenty-five thousand ($25,000) dollars shall be in mortgages, and the balance of fifteen thousand ($15,000) dollars in land contracts," to be equally divided between them. Four days later, the defendants served on plaintiffs and their attorney a notice of rescission of the contract "because of fraudulent representations made by you and your attorney." The nature of such representations was not stated. The will was admitted to probate on October 20, 1925, without contest. The widow filed an election to take under it. The estate was inventoried at the sum of $231,168.71, and claims against it were allowed at $1,678.71.

Averring that defendants disclaim any liability under said agreement, plaintiffs filed their bill of complaint herein, praying for specific performance thereof. The defendants answered, setting forth that the execution of the agreement on their part was procured by the fraudulent representations of plaintiffs' attorney, hereafter particularly referred to, and also denying that the contract and the remedies thereunder were mutual "inasmuch as the defendants could not compel the plaintiffs to specifically perform their part of the alleged contract."

After the proofs were taken, the trial court found that the mortgages and land contracts referred to in the agreement were those belonging to the estate of Carl Hoffmann, but concluded:

"This litigation involves personal property and personal property only, and the general rule is that a contract to sell or convey personal property will not in the absence of special circumstances be specifically enforced by a court of equity."

He decided that plaintiffs were not entitled to relief in equity, and entered a decree transferring the cause to the law side of the court for further proceedings. Both parties appeal; the plaintiffs from the decree ordering the transfer, and the defendants from the finding therein that the mortgages and notes referred to in the agreement were those of the estate.

1. Jurisdiction.    The rule stated by the trial court that equity will not decree specific performance of contracts concerning chattels is one of general application.    *Cole* v. *Realty Co.,* 169 Mich. 347; *Toles* v. *Duplex Power Car Co.,* 202 Mich. 224.    To this rule there are exceptions.    Jurisdiction does not rest on any distinction between real and personal estate, but on the ground that equity will not interfere when damages at law will afford a complete remedy.    The estate consisted largely of mortgages and land contracts, and this fact was well known to the parties at the time the contract was entered into.    We are in agreement with the trial court that the securities to be assigned were those belonging to the estate, and which would pass to the defendants under the will as probated.

It is apparent that both parties were interested in this provision of the contract.    Defendants protected themselves from being required to dispose of these securities in order to raise the money to pay plaintiffs the sums agreed upon, while the plaintiffs, well knowing the nature of the investments of the deceased,

preferred to accept them rather than the unsecured undertaking of the defendants to pay the money. It is also apparent that the refusal of the defendants to assign was not based on the claim that plaintiffs were entitled to money rather than the securities. They refused because they were advised that the agreement was void for the reason hereafter considered. Had plaintiffs brought an action at law, they would doubtless have been met with the defense, "You agreed to accept securities and are not entitled to a money judgment." Had defendants tendered assignments to the plaintiffs in performance, would they not have been compelled to accept? And if defendants could insist on performance as provided for in the agreement, why may not plaintiffs? It is said "that mutual obligations should give mutual remedies." *Cole* v. *Realty Co.*, *supra*. There can be no question as to the power of the trial court, sitting as a court of chancery, or of this court on appeal, to require the defendants to specifically perform their contract. 3 Comp. Laws 1915, § 11899; *Hicks* v. *Turck*, 72 Mich. 311.

"The remedy by specific performance is not a remedy of right. The relief should be granted or refused in the exercise of a sound judicial discretion." *Reo Motor Car Co.* v. *Young*, 209 Mich. 578, 593.

The exercise of such a discretion under the facts here disclosed entitles plaintiffs to the relief prayed for.

It is urged that, as the contract does not enumerate the particular securities to be assigned, it may not be specifically enforced. In *Preston Nat. Bank* v. *Purifier Co.*, 84 Mich. 364, the contract provided for the assignment to the plaintiff of $150,000 worth of good and collectible book accounts. This court, in affirming a decree for specific performance, said:

"Equity would require the selection to be made so as to give neither party an advantage. As this could

only be accomplished by allowing the bank to make the selection, the parties must be held to have so intended."

2. Fraud.　It is defendants' claim that at the several conferences resulting in the settlement the right of the widow to take under the statute was discussed, and that plaintiffs and their attorney agreed to co-operate to prevent her doing so.　This is denied by plaintiffs' attorney.　The attorneys on the trial were witnesses. Their testimony is very conflicting.　They appeared as counsel for their clients at the trial.　Plaintiffs' attorney testified that the matter of the widow's election was discussed, and that defendants' attorney said, "We have that matter entirely taken care of to our satisfaction."　His testimony finds support in the fact that, while the widow's election to take under the will was not filed until October 19th, it was signed by her before witnesses on August 28th.　Plaintiffs' attorney admitted that after the contract was signed he advised defendants' attorney that he would feel free to advise with the widow, should she consult him, but there is no evidence that he did so, and, in view of the widow's election to take under the will, we cannot see how defendants have been in any way affected by what occurred thereafter.

The law favors such settlements.　We are satisfied that the one in question was made fairly, and after due consideration, in which both parties had the advice of counsel.　We find no sufficient reason for avoiding it.　The other questions discussed are disposed of by what has been already said.

The decree transferring the cause is set aside, and one may be entered here granting specific performance to plaintiffs as prayed for in their bill of complaint. It may provide that the cause be remanded, with directions to the trial court to enforce the contract by requiring the defendants to produce the securities

which passed to them under the will and permitting the plaintiffs to make selection therefrom, if such proceeding be necessary.    The plaintiffs will have costs of both courts.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.