## ALLEN W. HINKEL DRY GOODS CO. v. WICHISON INDUSTRIAL GAS CO.

### No. 789.

Circuit Court of Appeals, Tenth Circuit.
April 18, 1933.

Rehearing Denied May 18, 1933.

882

Chas. G. Yankey, of Wichita, Kan. (Harvey C. Osborne and John G. Sears, Jr., both of Wichita, Kan., on the brief), for appellant.

Jos. G. Carey, of Wichita, Kan. (R. R. Vermilion, Earle W. Evans, and W. F. Lilleston, all of Wichita, Kan., on the brief), for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

The Gas Company brought this suit to enjoin the Dry Goods Company from violating a contract for the purchase of gas. The bill, after setting out the requisite jurisdictional facts, alleged: That on January 7, 1925, C. L. Bullock and the Dry Goods Company entered into a contract by which Bullock agreed to provide a pipeline from certain gas fields in Kay and Grant Counties, Oklahoma, to Wichita, Kansas, of sufficient size to supply the Dry Goods Company and other consumers with gas, and a distributing line from such pipeline to the property line of the Dry Goods Company, to install a meter service, and a service line from such property line to the boilers or plant of the Dry Goods Company, and to furnish to the Dry Goods Company its requirements of gas having a B. T. U. of not less than nine hundred, for three years from the time the gas should first be supplied under the contract, and by which the Dry Goods Company agreed to purchase its requirements of gas from Bullock and to pay therefor in accordance with the schedule of rates set forth in the contract; that thereafter Bullock transferred the contract to the Gas Company; that the Gas Company constructed such pipeline and a distributing system at Wichita at a cost in excess of two million dollars and made arrangements with affiliated companies to obtain an adequate supply of gas to meet the requirements of the Dry Goods Company during the life of such contract and extensions thereof; that the Gas Company and the Dry Goods Company entered into two additional agreements extending the term of such contract to December 31, 1935; that due to exhaustion of gas fields, it became necessary for the Gas Company to make further investments through affiliated companies in order to comply with such contract as extended; that the Gas Company has performed its obligations under such contract and has, continuously since on or before September 1, 1925, furnished to the Dry Goods Company an adequate supply of gas in accordance with such contract; that on October 18, 1932, the Dry Goods Company notified the Gas Company that it would discontinue receiving gas under such contract; that on October 18, 1932, the Gas Company notified the Dry Goods Company in writing that it was ready, willing, and able to comply with the provisions of such contract, and that it declined to release the Dry Goods Company therefrom; that, in the event of the breach of such contract by the Dry Goods Company, it would be impossible to ascertain the damages occasioned thereby, owing to the nature of the contract, the lack of a general market for gas, and the uncertainties inherent in the natural gas business; and therefore the Gas Company has no adequate remedy at law.

After notice the trial court granted a temporary injunction on a verified bill. The

Dry Goods Company has appealed from such order.

The Gas Company is a public utility and its rates are subject to regulation by the Public Service Commission of the State of Kansas.

Counsel for the Dry Goods Company contend that, since the original contract has been fully complied with by both parties, the sole effect of the last extension agreement was to provide that the Gas Company should supply and deliver and the Dry Goods Company should purchase and receive its requirements of gas at the rates set forth in the original contract; that, since the Gas Company is a public utility, such rates are not binding but may be set aside by orders of the Public Service Commission; and that therefore the last extension agreement is lacking in mutuality and not enforceable.

▮ While the Public Service Commission has the power to modify such rates, it can only abrogate the contract rates after a finding that they are unreasonable. Kaul v. American Ind. Tel. Co., 95 Kan. 1, 147 P. 1130; Wichita R. & L. Co. v. Public Utilities Commission, 260 U. S. 48, 57, 43 S. Ct. 51, 67 L. Ed. 124. The existence of the power to regulate such contract rates does not render the contract lacking in mutuality. Southern Utilities Co. v. City of Palatka, 268 U. S. 232, 45 S. Ct. 488, 69 L. Ed. 930. Until an order abrogating such rates has been duly made, the contract remains in full force and effect, and the rates provided therein remain binding on the parties. Kaul v. American Ind. Tel. Co., supra; Wichita R. & L. Co. v. Public Utilities Comm., supra; Southern Utilities Co. v. City of Palatka, supra; Georgia Ry. & Power Co. v. Decatur, 262 U. S. 432, 438, 43 S. Ct. 613, 67 L. Ed. 1065. There has been no such finding and order with respect to the rates provided in the contract involved herein.

▮ Even where the state has modified the rates fixed in such a contract, it is not thereby abrogated but, as modified, continues to be binding on the parties thereto, because such contracts are presumed to have been made in contemplation of the paramount power of the state to regulate the rates. City Water Co. v. City of Sedalia, 288 Mo. 411, 231 S. W. 942; City of Billings v. Public Service Commission, 67 Mont. 29, 214 P. 608.

▮ Counsel for the Dry Goods Company further contend that the Gas Company has an adequate remedy at law. In Griffin v. Oklahoma Natural Gas Corp. (C. C. A. 10) 37 F.(2d) 545, 549, a suit to enjoin the breach of a contract for the sale of natural gas, this court said:

"As a general rule, a court of equity will not decree the specific performance of a contract relating to chattels. Francis v. Medill, 16 Del. Ch. 129, 141 A. 697, 698; Krause v. Hoffmann, 239 Mich. 348, 214 N. W. 146, 147; Black Diamond C. M. Co. v. Jones C. Co., 200 Ala. 276, 76 So. 42, 43. The reason for the rule is that the injured party usually has an adequate remedy at law for the breach of a contract relating to chattels. Manchester Dairy System v. Hayward, 82 N. H. 193, 132 A. 12, 15; Elephant Butte A. Ass'n v. Rouault, 33 N. M. 136, 262 P. 185, 194; Krause v. Hoffmann, supra; Klitten v. Stewart, 125 Wash. 186, 215 P. 513, 514; Pomeroy's Spec. Per. of Contracts (3d Ed.) § 11. Where such adequate remedy at law does not exist, equity, in a proper case, will decree specific performance of a contract relating to chattels. Virginia Shipbuilding Corp. v. United States (C. C. A. 4) 22 F.(2d) 38, 50; Texas Co. v. Cent. Fuel Oil Co. (C. C. A. 8) 194 F. 1, 13; American Smelting & R. Co. v. Bunker Hill & S. M. & C. Co. (D. C. Or.) 248 F. 172, 182; Dahlstrom Metallic Door Co. v. Evatt Const. Co., 256 Mass. 404, 152 N. E. 715, 718, 719. The adequate remedy at law, which will preclude the granting of specific performance of a contract, must be as certain, prompt, complete and efficient to obtain the ends of justice as a decree of specific performance. National Marking Mach. Co. v. Triumph Mfg. Co. (C. C. A. 8) 13 F.(2d) 6, 9; Southwest Pipe Line Co. v. Empire Natural Gas Co. (C. C. A. 8) 33 F.(2d) 248, 258 [64 A. L. R. 1229]; Texas Co. v. Central Fuel Oil Co., supra, pages 10, 11, of 194 F.

"An injunction against the breach of a contract is a negative decree of specific performance. The power and duty of a court of equity to grant such injunction is broader than its power and duty to grant a decree of specific performance, since an injunction to restrain acts in violation of a lawful contract will be granted, even when specific performance would be denied because of the nature of the contract. Nat. Marking Mach. Co. v. Mfg. Co., supra, page 9 of 13 F.(2d); Texas Co. v. Cent. Fuel Oil Co., supra, pages 22, 23 of 194 F.; Chicago & A. Ry. Co. v. New York, L. E. & W. R. Co. (C. C.) 24 F. 516, 522; Singer Sewing-M. Co. v. Union Button-

884

Hole & E. Co., 1 Holmes, 253, Fed. Cas. No. 12904."

See, also, Twin City Pipe Line Co. v. Harding Glass Co., 283 U. S. 353, 51 S. Ct. 476, 75 L. Ed. 1112.

■ In the instant case the contract deals with a commodity not readily obtainable or saleable in the general market, the Gas Company's patrons belong to a limited class, the Gas Company and its affiliates have expended large sums of money to enable it to carry out its contracts to furnish gas, the contract here involved had thirty-seven months to run when the order appealed from was made, and the damages for breaches during such future period would be exceedingly difficult of ascertainment. For these reasons we are of the opinion that the Gas Company did not have an adequate remedy at law.

■■ Furthermore, an order granting a temporary injunction pending final hearing, is within the sound discretion of the trial court, and upon appeal such an order will not be disturbed, unless contrary to some rule of equity or plainly the result of an improvident exercise of judicial discretion. Prendergast v. New York Telephone Co., 262 U. S. 43, 50, 43 S. Ct. 466, 67 L. Ed. 853; United Fuel Gas Co. v. Public Service Commission, 278 U. S. 322, 326, 49 S. Ct. 157, 73 L. Ed. 402; Alabama v. United States, 279 U. S. 229, 230, 49 S. Ct. 266, 73 L. Ed. 675; American Grain Separator Co. v. Twin City Separator Co. (C. C. A. 8) 202 F. 202, 206; Security Metal Products Co. v. Kawneer Co. (C. C. A. 8) 14 F. (2d) 569, 572.

Under the facts in the instant case, the Gas Company would suffer certain and irreparable injury from the denial of a temporary injunction should the final decree be in its favor, while any injury to the Dry Goods Company, resulting from the temporary injunction, should the final decree be in its favor, will be fully compensated for by the bond required by the trial court. It follows that the balance of injury as between the parties favored the issuance of the order. Prendergast v. New York Telephone Company, supra, page 51 of 262 U. S., 43 S. Ct. 466; Ohio Oil Co. v. Conway, 279 U. S. 813, 815, 49 S. Ct. 256, 73 L. Ed. 972; Love v. Atchison, T. & S. F. R. Co. (C. C. A. 8) 185 F. 321, 331, 332. We are of the opinion that the trial court did not depart from any rule of equity or abuse its discretion in granting such order.

It follows that the order should be and it is affirmed.