250 So.2d 872 (1971)
Louis C. MANNING et al., Appellants,
v.
The TRAVELERS INSURANCE COMPANY, Appellee.
No. 39879.
Supreme Court of Florida.
July 12, 1971.
Alan R. Schwartz, of Horton & Schwartz, and Harold Cease, Miami, for appellants.
*873 David L. Willing, of Adams, George & Wood, Miami, for appellee.
McCAIN, Justice.
By direct appeal pursuant to Fla. Const. Article V, § 4(2), F.S.A. we are called upon to consider the constitutionality of Fla. Stat. §§ 627.0851(2) and (3), F.S.A. partially defining the term "uninsured motor vehicle" as follows:
"(2) For the purpose of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency.
"(3) An insurer's insolvency protection shall be applicable only to accidents occurring during a policy period in which its insured's uninsured motorist coverage is in effect where the liability insurer of the tort-feasor becomes insolvent within one year after such an accident. Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder."
Appellants-Manning were involved in an automobile accident with one Ellen Pritchett, who was insured by Prudence Mutual Insurance Company under an automobile liability insurance policy. Appellants alleged that the cause of the aforesaid accident was the negligence of Ellen Pritchett and that as a result of said negligence appellants were injured. Appellants also alleged that Prudence Mutual Insurance Company was insolvent and that they were therefore entitled to uninsured motorist benefits pursuant to Fla. Stat. § 627.0851 (2), F.S.A. under a policy of insurance issued to them by Appellee-Travelers Insurance Co. In furtherance of their claim appellants filed a demand for arbitration with the American Arbitration Association.
Travelers then brought the instant suit for declaratory relief alleging, inter alia, that if Prudence Mutual was insolvent it did not become insolvent within one year after the accident as required by Fla. Stat. § 627.0851(3), F.S.A. and that, therefore, appellants were not entitled to uninsured motorist benefits under the Travelers policy. By way of answer, appellants admitted that Prudence Mutual had become insolvent more than one year after the date of the accident, but argued that Fla. Stat. §§ 627.0851(2) and (3), F.S.A. were unconstitutional. Two arguments were raised: first, appellants urged that the one-year provision impaired the contract between the Insurance Company and the insured, in that the Statute of Limitations on a suit in contract is five (5) years, but that Fla. Stat. § 627.0851(3), F.S.A. effectively shortens the statute to one (1) year. Second, appellants argued that the statute contravened Amend. XIV of the U.S. Constitution by denying equal protection and due process of law to those covered by the statute since the effect of the statute was to arbitrarily require those affected to bring an action for damages within one (1) year whereas others similarly situated had four (4) years within which to sue.
The trial judge granted judgment on the pleadings in favor of Travelers, specifically holding that Fla. Stat. §§ 627.0851(2) and (3), F.S.A. were not unconstitutional. The instant appeal followed. In our opinion the judgment below was correct and must be affirmed.
Of critical significance to our decision is the final sentence of Fla. Stat. § 627.0851(3), F.S.A., which reads:
"Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder."
Simply stated, this clause means that insureds are not bound by the one-year provision of § (3) but may negotiate contractually for conditions more favorable to *874 themselves. The effect of the statute, then, is to set a minimum standard of protection applicable where the contract is silent on the subject, while at the same time permitting the insured to bargain for more favorable terms and conditions.
It is well to bear in mind that we are not confronted by potential objections to the statute which are not presented by the case sub judice. For instance, we are not concerned with possible objections an insurer might raise regarding the one-year minimum standard created by the statute. Such problems may become a challenge in another case involving a different set of facts. They are not an issue in this record.
Fundamental to the success of an argument that a given statute violates equal protection of the laws within the meaning of the Federal and State constitutions is a showing that the statute under attack sets up an arbitrary or unreasonable classification of persons similarly situated. From the point of view of an insured, the final sentence of Fla. Stat. § 627.0851(3), F.S.A. eliminates any "classification" of persons by making the statute subject to the terms and conditions of the contract between the insurer and insured. Consequently, appellants' equal protection argument must fall and it becomes unnecessary to reach the question of the reasonableness of the statutory scheme.
Moreover, it has never been held in Florida that the term "uninsured motor vehicle" includes an insured motor vehicle where the tortfeasor's insurer becomes insolvent within one year following an accident. Thus, the statute, rather than arbitrarily diminishing the rights of an insured, provides the insured with an additional right; a gratuity furnished by the Legislature. In this respect the statute is positive in effect rather than discriminatory. See Pacheco v. Pacheco, 246 So.2d 778 (Fla. 1971).
Our reasoning with regard to classification is also conclusive on the issue of due process. Since the insured may contract away the one-year limitation, it cannot be said that the effect of the statute is to arbitrarily require those affected to bring an action within one year whereas others similarly situated have four years within which to sue.
Nor are we impressed with appellants' argument that the statute impairs the obligation of the contract between Travelers and appellants. In order for a statute to offend the constitutional prohibition against enactment of laws impairing the obligation of contracts, the statute must have the effect of rewriting antecedent contracts, that is, of changing the substantive rights of the parties to existing contracts. Hardware Mut. Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359 (1942); Phillips v. City of West Palm Beach, 70 So.2d 345 (Fla. 1953). The guaranty of liberty of contract was never intended to withdraw from legislative supervision the making of contracts or deny to the government the power to provide restrictive safeguards. Southern Utilities Co. v. Palatka, 86 Fla. 583, 99 So. 236 (1923), aff'd 268 U.S. 232, 45 S.Ct. 488, 69 L.Ed. 930. The instant statute is an example of the Legislature's legitimate concern with insurance contracts. It simply incorporates into all contracts providing for uninsured motorist coverage (subject to the right of the insured to seek more favorable coverage) an expanded definition of the term "uninsured motor vehicle". It does not have the effect of changing the substantive rights of parties to existing contracts.
We therefore find that Fla. Stat. §§ 627.0851(2) and (3), F.S.A. are valid exercises of the power of the state to regulate the making of contracts of insurance and do not contravene either the constitutional assurances of due process and equal protection, or the constitutional prohibition against impairment of the obligation of contracts.
The judgment appealed from is therefore
Affirmed.
*875 CARLTON, ADKINS and BOYD, JJ., concur.
ERVIN, J., concurs with opinion.
ROBERTS, C.J., and DEKLE, J., concur in the judgment.
ERVIN, Justice (concurring specially):
I concur in Justice McCain's opinion without suggestion of modification. Uninsured motorist protection is statutory in origin. The statute sets the terms and the limits of the coverage. It prescribes a one-year insolvency period limit. It must be accepted. It cannot be the subject of exception or variation by action of insured or insurer or of the courts.