The Honorable Doyle Conner Commissioner of Agriculture The Capitol Tallahassee, Florida 32301
Dear Commissioner Conner:
This is in response to your request for an opinion on substantially the following questions:
 1. WILL THE `MOTOR VEHICLE WARRANTY ENFORCEMENT ACT,' CH. 83-69, LAWS OF FLORIDA, AFFORD PROTECTION TO A NEW CAR BUYER WHO BUYS AN AUTOMOBILE BEFORE THE EFFECTIVE DATE OF THE ACT (10/1/83) AND WHOSE WARRANTY PERIOD EXTENDS BEYOND 10/1/83?
 2. IF SO, MAY THE CRITERIA FOR IMPLEMENTATION OF THE LAW (THREE REPAIR ATTEMPTS OR FIFTEEN DAYS IN THE SHOP) BE BASED ON REPAIR ATTEMPTS PRIOR TO 10/1/83 AND/OR SUBSEQUENT TO THAT DATE?
 QUESTION I
Section 8 of CS/HB 885, 1983 Legislature (Ch. 83-69, Laws of Florida), which is `[a]n act relating to motor vehicle warranties; [and] creating the `Motor Vehicle Warranty Enforcement Act',' expressly provides that the act `shall take effect October 1, 1983.' A statute speaks from the time it goes into effect or operation and not from the time of its passage. Until the time arrives when it is to take effect and be in force, a statute has no force whatever for any purpose. Before that time no rights may be acquired under it and no one is bound to regulate his or her conduct according to its terms, and all acts purporting to have been done under it prior to that time are void. See, Neisel v. Moran, 85 So. 346, 358-360 (Fla. 1920); 82 C.J.S. Statutes s 399; AGO 67-49.
The title of Ch. 83-69, Laws of Florida (CS/HB 885), does not indicate that the Act was meant to operate retrospectively. Where it is intended that a statute should have retrospective operation, the title must convey appropriate notice of this intent. See, 30 Fla. Jur. Statutes s 150; Van Loon v. Van Loon, 182 So. 205 (Fla. 1938); Chiapetta v. Jordan, 16 So.2d 641 (Fla. 1944). Further, it is a well-settled rule that a statute will not be construed as retroactive unless its terms clearly show that the Legislature intended such a result. Instead, the presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent. See, e.g., State ex rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945); Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973); Keystone Water Company v. Bevis, 278 So.2d 606 (Fla. 1973); Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park Inc.,361 So.2d 695 (Fla. 1978); Seddon v. Harpster, 403 So.2d 409 (Fla. 1981); Indemnity Insurance Company v. Brooks-Fisher Insulating Co.,140 So.2d 613 (2 D.C.A. Fla., 1962). See generally, 82 C.J.S. Statutes
s 414. As stated in Heberle v. P.R.O. Liquidating Company,186 So.2d 280, 282 (1 D.C.A. Fla., 1966):
 A law is retroactive or retrospective if it takes away or impairs vested rights acquired under existing laws, or if it creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past. (e.s.)
That the rule against retroactive application is applied in an especially strict manner as to laws imposing new penalties or obligations was noted by the court in Larson v. Independent Life 
Accident Insurance Company, 29 So.2d 448 (Fla. 1947), wherein it was stated that `[a]cts which create new obligations and impose new penalties, have been more rigidly construed as being governed by this rule.' See also, Taylor v. Florida Crimes Compensation Commission, 367 So.2d 720 (3 D.C.A. Fla., 1979) (the rule that statutes will not be given retroactive application unless such application is required in clear and explicit terms applies to statutes which create new rights and liabilities); AGO 78-22. Compare, 15 U.S.C.S. s 2312 (the effective date provision of the Magnuson-Moss Warranty Act which states that, with the exception of one section, the provisions of that Act `shall take effect 6 months after the date of its enactment [enacted January 4, 1975] but shall not apply to consumer products manufactured prior to such date'). An exception to the general rules stated above applies to remedial or procedural statutes which do not create new rights or obligations or enlarge, diminish or destroy vested or contractual rights but only operate in furtherance of the remedy or confirmation of rights already existing; such statutes are generally held to operate retrospectively unless such operation or application would adversely affect substantive rights. See, 82 C.J.S. Statutes s 416; City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961).
I have examined the provisions of Ch. 83-69, Laws of Florida (CS/HB 885), the legislative staff analysis and summaries and listened to the tape recordings of legislative committee meetings during which this legislation was discussed and find no manifest legislative intent that the `Motor Vehicle Warranty Enforcement Act' be applied retroactively nor can an argument be made that such intent exists implicitly. Therefore, I conclude that the provisions of Ch. 83-69, Laws of Florida, the `Motor Vehicle Warranty Enforcement Act,' are not susceptible of retroactive application to the express warranties made in connection with the sale of any new motor vehicle which occurs before October 1, 1983, whether or not such express warranties extend beyond that date.
To conclude otherwise and apply these new obligations and duties to contracts entered into prior to the effective date of the legislation, may subject the Act to attack as impairing the constitutionally protected right to contract which is guaranteed by s 10, Art. I, State Const., and s 10, Art. I, Cl. 1, U.S. Const.
The obligation of a contract is impaired in the constitutional sense when the substantive rights of the parties to the contract are changed, Hardware Mutual Casualty Company v. Carlton,9 So.2d 359 (Fla. 1942), or where new and different liabilities are imposed thereunder, Manning v. Travelers Insurance Company,250 So.2d 872 (Fla. 1971). As the court stated in Manning v. Travelers Insurance Company, supra, `[i]n order for a statute to offend the constitutional prohibition against enactment of laws impairing the obligation of contracts, the statute must have the effect of rewriting antecedent contracts, that is, of changing the substantive rights of the parties to existing contracts.'250 So.2d at 874. See also, Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 378 So.2d 307, 309 (3 D.C.A. Fla., 1979), in which the court found that the statutory imposition of attorneys' fees pursuant to a legislative enactment effective subsequent to the execution of a ninety-nine year lease in which attorneys's fees were not bargained for materially changed the binding force of the agreement and would impair the obligation of the existing lease and contract between the parties and was unconstitutional as applied to that instrument. And see, Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077, 1079-1080 (Fla. 1978), and Hausler v. State Farm Mutual Automobile Insurance Company, 374 So.2d 1037, 1038 (2 D.C.A. Fla., 1979) (where statute in question was not in effect at time of contracting, it cannot be retroactively applied to alter obligations of that contract, and this is true even though the act which triggers the obligation occurs after statute is enacted).
It must be assumed that the Legislature intended a valid enactment rather than one contrary to the Constitution and a statute should, if possible, be construed so as not to conflict with the Constitution. See, e.g., State ex rel. Johnson v. Goodgame,108 So. 836 (Fla. 1926); Williams v. City of Jacksonville, 160 So. 15
(Fla. 1935); Burnsed v. Seaboard Coastline Railroad Company,290 So.2d 13 (Fla. 1974). To avoid a construction of the `Motor Vehicle Warranty Enforcement Act' which would call into question the constitutionality of such legislation, the Act should be construed as prospective in its application and to affect only the express warranty provisions made in connection with the sale of new motor vehicles after October 1, 1983.
QUESTION II
As the answer to your first question was in the negative, no answer to Question II is necessary.
In sum, it is my opinion, until and unless judicially determined otherwise, that the provisions of the `Motor Vehicle Warranty Enforcement Act,' Ch. 83-69, Laws of Florida, may not be applied retroactively to express warranties made in connection with the sale of any new motor vehicle which occurs before October 1, 1983, whether or not such express warranties extend beyond that date.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General